## 52929. POWELL v. ALLEN.

CLARK, Judge.

This is a contempt case. Appellant was called as a witness in a criminal trial in the DeKalb Superior Court. Asserting grounds of self-incrimination he declined to answer certain questions propounded by the district attorney. Thereupon, the district attorney requested the trial court to grant the witness immunity under the Witness Immunity Statute. Ga. L. 1975, pp. 727, 729 (Code Ann. § 38-1715). This request for immunity was granted and the trial judge then ordered appellant to answer the various questions. Appellant again refused to answer in the face of the order of immunity. Thereupon he was adjudged in contempt and sentenced. In its order holding the appellant in contempt the trial court also enjoined the State of Georgia "from prosecution of any criminal case to which Nolan Powell [appellant] may testify, wherein, he may be otherwise charged with the commission of crime."

The questions asked the appellant all concerned his dealing with the criminal defendant then on trial and with reference to the subject matter of the various thefts alleged in the multi-count indictment against the defendant. It was shown that all of appellant's transactions with the accused took place in Forsyth County outside the jurisdiction of the DeKalb Superior Court.

With reference to the injunctive feature of the order enumerated as error the Supreme Court in an order transferring this case held that "Since there is no exception to the ruling invoking equitable relief, the jurisdiction of the case is in the Court of Appeals." *Held:*

1. A person may decline to answer self-incriminating questions based on his constitutional privilege against self-incrimination until it is shown that he has been granted an immunity that is as extensive in scope as the privilege it replaces. Stevens v. Marks, 383 U. S. 234 (86 SC 788, 15 LE2d 724). The Georgia Witness Immunity Statute appears initially to authorize complete immunity. But in fact this is negated by the statute's qualifying clause that the witness ". . . shall not be

required to produce evidence that can be used in any other courts, including federal courts . . . " This statutory language shows that the immunity granted to a witness is limited only to evidentiary matter that could be used against the witness within the jurisdiction of the court granting the immunity.

The grant of immunity is not effective in any other jurisdiction. In this respect, it is obvious that the Georgia Witness Immunity Statute is defective and of no use if any other court in this or any other state or any federal court could have jurisdiction of the subject matter. Here, the matters inquired of him could be used against him in courts outside the jurisdiction of the DeKalb Superior Court for it was shown that appellant's testimony would relate to transactions which occurred in Forsyth County, Georgia. Thus, the statute prevents the production of the very evidence that the state attempted to force the appellant to give under the guise of a grant of immunity. The DeKalb Superior Court could not require appellant to produce this evidence. Accordingly, appellant's refusal to answer was justified and the trial court erred in adjudging him in contempt of court.

2. In transferring this case to us, the Supreme Court noted this to be for the reason that "there is no exception to the ruling invoking equitable relief." It is obvious that they considered the trial court's action in the order enumerated as error as futile and completely ineffective in attempting to order "that the State of Georgia is enjoined from prosecution of any criminal case to which [appellant] may testify, wherein he may otherwise be charged with the commission of a crime." As is provided in Code § 55-102, "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." See also *Hodges v. State Revenue Comm.*, 183 Ga. 832 (1) (190 SE 36). This error by the trial court standing alone would have required reversal.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 7, 1976 — DECIDED OCTOBER 25, 1976.

*L. Paul Cobb, Jr.,* for appellant.
*Richard Bell, District Attorney, George N. Guest, Assistant District Attorney,* for appellee.