## 31557. BROOKS v. THE STATE.

GUNTER, Justice.

This appeal is from a judgment that held appellant in contempt of court pursuant to our "Immunity From Prosecution Statute," Code Ann. §§ 38-1715, 38-1716.

The trial court entered an order requiring appellant to give testimony in a criminal case in which the appellant was allegedly involved. Paragraph 2 of the order read: "That no testimony or other eivdence [sic] required under this order or any information directly or indirectly derived from such testimony or evidence may be used against said Bruce Craig Brooks in any proceedings or prosecution for a crime or offense concerning which he may testify or produce evidence under this order. Nothing in this order shall prevent a prosecution of said witness for perjury using his testimony, should he commit said offense in testifying."

Paragraph 3 of the order read: "That said Bruce Craig Brooks not be required to produce evidence that can be used in any other courts against himself."

Appellant, apparently on advice of counsel, refused to testify as ordered on the ground that the court's order did not provide him with "use and derivative use" immunity. He further contended, and contends here on appeal, that Georgia's immunity statute is violative of the Fifth Amendment that is made applicable to Georgia by

the Fourteenth Amendment.

Our Court of Appeals, in reversing a contempt judgment, has held that our statute "prevents the production of the very evidence that the state attempted to force the appellant to give under the guise of a grant of immunity." *Powell v. Allen,* 140 Ga. App. 186 (230 SE2d 343) (1976).

Our statute provides in part: " . . . no testimony or other evidence required under the order or any information directly or indirectly derived from such testimony or evidence may be used against the person in any proceedings or prosecution for a crime or offense concerning which he testified or produced evidence under court order."

The part of the same statute that concerned our Court of Appeals was that the person subject to the order "shall not be required to produce evidence that can be used in any other courts, including Federal courts."

We conclude that it was the intention of our General Assembly to grant "use and derivative use" immunity under this statute. The language that resulted in the Court of Appeals' decision does not render the statute unconstitutional. See Murphy v. Waterfront Commission of New York, 378 U. S. 52 (1964) and Malloy v. Hogan, 378 U. S. 1 (1964). In light of these United States Supreme Court decisions, *Powell v. Allen,* supra, will not be followed. In other words, despite the fact that Paragraph 3 of the trial court's order in this case, quoted above, was included in the order, we think it was intended that appellant be granted "use and derivative use" immunity; and the compelled evidence or any other evidence derived from the compelled evidence could not be used against appellant in proceedings in any other forum.

With this interpretation placed upon the Georgia statute, it is not unconstitutional as contended.

The judgment rendered in this case is vacated, and the case is remanded for deletion of Paragraph 3 of the order and for proceedings consistent with this opinion.

*Judgment vacated with direction. All the Justices concur.*

Submitted September 24, 1976 — Decided March 2, 1977.

*C. Michael Roach,* for appellant.

*Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General, C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.