## 53018. CORSON v. HAMES.

SMITH, Judge.

Amy Ruth Corson, defendant in the trial court, was convicted for contempt in Cobb County Superior Court and sentenced to 20 days confinement.

There are two issues presented on appeal.

A. Did the trial court order Corson to testify to matters that might be self-incriminating without the protection of a legal grant of immunity under the Witness Immunity Act of 1975 (Ga. L. 1975, pp. 727, 728; Code Ann. § 38-1715 (hereinafter § 38-1715)).

B. Did the trial court grant immunity to Corson that would be valid in all State of Georgia and federal courts? *Held:*

Conviction sustained.

Corson was indicted with her two brothers for criminal damage to property, aggravated assault, possession of explosives and arson but she was granted immunity under § 38-1715. The state tried Corson's two brothers and called her as a witness; whereupon she refused to testify. Corson contended her immunity was conditional because the written document stated if she did not tell the truth the state could prosecute for crimes testified about as well as perjury. The court, in the course of the contempt hearing, orally reaffirmed in every particular the grant of transactional immunity to her. The written and oral grants of immunity were recorded by the court and filed with the clerk as provided by statute.

1. The grant of immunity was valid. Irrespective of whether the written order of immunity was valid, the court was authorized to order Corson to testify under § 38-1715. This statute provides that no testimony given under court order may be used against the person giving it in any prosecution for any crime testified to under oath. Corson had adequate immunity under the statute.

2. Corson states that irrespective of whether the written or oral grant of immunity was good, it would not be valid in all State of Georgia and federal courts. We cannot agree with this.

As was stated in Ingram v. Prescott, 111 Fla. 320, 321 (149 S 369), "From the earliest times, it has been found necessary, for the detection and punishment of crime, for the state to resort to the criminals themselves for testimony with which to convict their confederates in crime. . . Therefore, on the ground of public policy, it has been uniformly held that a *state* may contract with a criminal for his exemption from prosecution if he shall honestly and fairly make a full disclosure of the crime,

whether the party testified against is convicted or not." (Emphasis supplied.) The court stated further that any such contract entered into between the district attorney or other public prosecutor and an accomplice must be with the consent or advice of the court.

Thus, it can be seen that the consideration for such a contract is based upon the mutual benefits flowing to both parties and such a contract is valid.

The question as to how far reaching the immunity is depends upon whether the immunity is granted with or without benefit of statutory authority.

If pursuant to statutory authority the immunity would extend statewide to all Georgia courts. This is true because the court is acting upon authority granted by the state. The immunity statute is an act of the state, not of the court, and applies statewide. In the case of Murphy v. Waterfront Commission of New York Harbor, 378 U. S. 52 (84 SC 1594, 12 LE2d 678) the court refers to the grant of immunity as an act of the *state* not the court. Therefore, the district attorney and the court represent the state and are merely carrying out what the state authorizes them to do on its behalf. The state, not the court, is granting immunity. The court is the agent of the state speaking and acting on its behalf.

In the recently published case *Powell v. Allen,* 140 Ga. App. 186 (230 SE2d 343) this court held that under the Witness Immunity Act of 1975, § 38-1715, a superior court's ability to grant immunity extends only as far as that court's jurisdictional boundaries extend and, consequently, the Act "is defective and of no use if any other court in this . . . state . . . could have jurisdiction of the subject matter." *Powell,* supra, p. 187. This conclusion rests upon an interpretation of the statute's language that a witness "shall not be required to produce evidence that can be used in any other courts, including federal courts."

It is our view now, however, that the *Powell* interpretation of that language yields a result inconsistent with the legislature's intent. The expressed intent of the law is to give "the Attorney General or any District Attorney" of this state the discretion to apply for an order compelling the production of testimony or other evidence "in any criminal proceeding before a court or

grand jury" when such production "is necessary to the public interest." However, the *Powell* interpretation of the statute circumscribes its use to only those cases involving a criminal act which occurred entirely within one county and which therefore are subject to prosecution only in that court. It is inconsistent at best to conclude that when the legislature granted the state's prosecutors a tool tailor-made for use in tough cases which necessarily involve multiple principals it concurrently prohibited the use of that tool in those toughest of cases which involve criminal acts strewn across county lines. Did the legislature intend to allow the state to grant immunity to and compel testimony from an accomplice in, say, a simple robbery while at the same time preventing a similar immunity grant and compulsion of testimony from an accomplice in a complex statewide automobile theft ring? Better still, suppose in one case a public official solicits and receives a bribe in Fulton County, and in another case a public official solicits a bribe in Fulton County and takes his payment in DeKalb County. Supposing further that both officials are later prosecuted in the Fulton County Superior Court, is it logical to establish a rule that in the former case the party paying the bribe may be granted immunity and compelled to testify against the official but in the latter he may not because the immunity would not extend to DeKalb County which also would be proper venue for prosecution of the crime? Such results obviously are not those intended by the act; rather, it is clear to us now that the intendment of the Act is to allow the grant of statewide immunity. The statutory reference to "other courts" apparently is a reference to courts without this state, and we so hold, thus overruling *Powell*.

In a case where immunity is granted without statutory authority it would extend only to the bounds of the contracting court's jurisdiction.

3. The matter of immunity in federal court is well settled in Murphy v. Waterfront Commission of New York Harbor, 378 U. S. 52, supra, where this question was before the court. That is, can the *state* grant immunity to a witness that will remove the fear of federal prosecution based upon any evidence the witness might give in a state trial? This case places to rest any such fear. The court held

that the witness could be compelled to testify under the grant of immunity by the state to criminal activity that is subject to federal jurisdiction, without being subjected to federal prosecution based upon the testimony given. Murphy, supra, p. 79. This principle of law is re-enforced in Kastigar v. United States, 406 U. S. 441, 460 (92 SC 1653, 32 LE2d 212) and has been followed in this state. *Smith v. State,* 138 Ga. App. 683 (227 SE2d 84).

*Judgment affirmed. Deen, P. J., Webb and Shulman, JJ., concur. McMurray, J., concurs in the judgment only. Bell, C. J., Quillian, P. J., and Marshall, J., dissent.*

SUBMITTED NOVEMBER 2, 1976 — DECIDED
MARCH 30, 1977.

*Charles E. Clark,* for appellant.
*George W. Darden, District Attorney, W. Michael B. Stoddard, Assistant District Attorney,* for appellee.

BELL, Chief Judge, dissenting.

1. The Supreme Court, in *Brooks v. State,* 238 Ga. 435, held that *Powell v. Allen,* 140 Ga. App. 186 (230 SE2d 343) would not be followed. Consequently, its correctness is no longer an issue.

2. Assuming but not deciding that appellant was ordered to testify under a grant of use and derivative use immunity, the purported grant was defective. Paragraph 7 of the immunity document prepared by the district attorney and approved by the court provided in part: "In the event the testimony of Amy Ruth Corson is not full, or complete or truthful in every particular then this grant of immunity by the State, with the approval of the court, is void and the State can exercise its discretion as to whether or not it will prosecute the said person for any crime arising out of the transaction." Clearly the inclusion of this sentence constituted a *conditional* grant of immunity. There is and can be no such thing as a conditional grant of immunity. A grant of immunity, in order to be valid, must be full and complete and must afford the witness complete protection against the use of

the evidence derived from the compelled testimony. Kastigar v. United States, 406 U. S. 441 (92 SC 1953, 32 LE2d 212). The condition in the district attorney's request prevents this from being a full and complete grant for it authorizes the district attorney with approval of the court to void it. A conditional grant of immunity is void and is ineffective to take away the sacred constitutional right against self-incrimination. As the grant here was void for this reason, the judgment of contempt should be reversed.

I am authorized to state that Presiding Judge Quillian and Judge Marshall join in this dissent.