## 32444. CORSON v. HAMES.

HALL, Justice.

Applicant was held in contempt for refusing to testify after being given transactional immunity conditional on her "full," "complete" and "truthful" testimony "in every particular." The Court of Appeals affirmed despite applicant's contention that a conditional immunity is not as broad as the protection of the Fifth Amendment to the United States Constitution. *Corson v. Hames,* 141 Ga. App. 751 (234 SE2d 412) (1977). We granted certiorari to review this holding.

1. Code Ann. § 38-1715 does not authorize a grant of transactional immunity, i.e., immunity from prosecution. The caption of this section is inaccurate in using the term "immunity from prosecution," since the Act authorizes only a grant of use and derivative use immunity. Therefore, this immunity grant was not authorized by this section. Whether or not a grant of transactional immunity given by the prosecutor and approved by the court would be valid absent statutory authorization is an open question, Ingram v. Prescott, 111 Fla. 320, 321 (149 S 369) (1933), Annot. 13 ALR2d 1439 (1950), which we need not decide in this case in light of our decision on the remaining issues.

2. Code Ann. § 38-1715 does not authorize conditional grants of immunity. If it did it would not be

adequate to permit the prosecution to compel testimony, since a conditional immunity is not "as broad in scope as the privilege it replaces."[1] At a minimum, the state must grant unconditional use and derivative use immunity to a witness in order to remove her privilege not to testify in a self-incriminating manner. See Kastigar v. United States, 406 U. S. 441, 459 (1972), Stevens v. Marks, 383 U. S. 234 (1966).

An immunity given to compel testimony over a Fifth Amendment objection may not constitutionally be forfeited because of perjury or false swearing in that testimony. United States v. Kurzer, 534 F2d 511, 518 (2d Cir. 1976). The Fifth Amendment requires protection against any use of truthful testimony against the immunized witness in any criminal proceeding. United States v. Tramunti, 500 F2d 1334, 1342 (2d Cir), cert. den. 419 U. S. 1079 (1974); United States v. Hockenberry, 474 F2d 247, 250 (3d Cir. 1973). Likewise, the state may not condition an immunity given in order to compel testimony on "full," "complete," and "truthful" testimony "in every particular."

Applicant's conviction must be reversed because she was given no unconditional immunity, and absent an adequate and explicit grant of immunity she had a constitutional right not to testify. Stevens v. Marks, supra. Applicant's immunity offer did not assure that after testifying she would be in substantially the same legal position as she is by silence, and thus she could not be ordered to testify. See Kastigar v. United States, 406 U. S. at 458.

3. The state argues that § 38-1715 should be read into the inadequate offer of immunity, thus giving applicant an unconditional grant of use and derivative use immunity. While this argument has merit, it would be unconstitutional for us to uphold this conviction based on that argument in light of the fact that the trial court did not fairly demonstrate to applicant that she had this

---

[1] We have held that this statute authorizes an adequate grant of immunity to compel testimony. *Brooks v. State,* 238 Ga. 435 (233 SE2d 208) (1977).

automatic, unconditional immunity. Stevens v. Marks, 383 U. S. at 246. The trial court's interpretation of the immunity given applicant was contradictory and ambiguous, and most likely left her with the understanding that she was given no more than the conditional immunity described in the document approved by the court.

4. The fact that the Fifth Amendment itself would have prohibited the use or derivative use of applicant's testimony had she testified (regardless of the validity of the immunity grant) is irrelevant to the issue of whether the state may lawfully compel her testimony. The state must grant a valid immunity under state law as broad in scope as the privilege it replaces, and demonstrate the applicability of that state immunity to the witness, before ordering her to testify. Stevens v. Marks, supra.

*Judgment reversed. All the Justices concur, except Marshall, J., who is disqualified.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 7, 1977.

*Charles E. Clark*, for appellant.
*Thomas J. Charron, District Attorney*, for appellee.