## 58775. MORRIS v. THE STATE.

SOGNIER, Judge.

Morris appeals the revocation of his probation by the Superior Court of Gwinnett County for the sale of cocaine. The issues raised by enumerations of error Nos. 1, 3, 4 and 5 were decided adversely to appellant by this court in the case of *Wilson v. State,* 152 Ga. App. 695 (1979); therefore, those enumerations are without merit.

In Enumeration 2 appellant contends the trial court erred in revoking his probation. However, evidence presented at the hearing showed that on April 14, 1979 an undercover agent, acting pursuant to a tip, purchased two grams of cocaine from appellant for $220. Although appellant denied selling cocaine to the agent, the credibility of witnesses and weight of the evidence is for determination by the trier of fact (in this case, the trial judge). *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345) (1975). "As to the sufficiency of the evidence [in a revocation hearing], this court repeatedly has held that the trial judge is not bound by the same rules of evidence as a jury in passing on the guilt or innocence of the accused in the first instance. The judge is the trier of facts. He has a very wide discretion . . . only 'slight evidence' is required to authorize revocation, and where there is any evidence supporting the prohibited criminal activity charged as a violation of the probation, this court will not interfere with the revocation of the trial court in the absence of a manifest abuse of discretion." *Harper v. State,* 146 Ga. App. 337, 338 (246 SE2d 391) (1978). There being no abuse of discretion in this case, the trial court did not err in revoking appellant's probation.

*Judgment affirmed. McMurray, P. J. and Banke, J., concur.*

SUBMITTED OCTOBER 16, 1979 — DECIDED FEBRUARY 12, 1980.

*G. Hughel Harrison,* for appellant.
*Bryant Huff, District Attorney, William P. Rowe III, Assistant District Attorney,* for appellee.