60186. PARTEE v. THE STATE.

SHULMAN, Judge.

Defendant's probation was revoked because of his alleged commission of a burglary. He appeals, submitting that there was insufficient evidence of his participation in the offense upon which to

base the revocation. We disagree.

" 'As to the sufficiency of the evidence [in a revocation hearing], this court repeatedly has held that the trial judge is not bound by the same rules of evidence as a jury in passing on the guilt or innocence of the accused in the first instance. The judge is the trier of facts. He has a very wide discretion . . . only "slight evidence" is required to authorize a revocation, and where there is any evidence supporting the prohibited criminal activity charged as a violation of the probation, this court will not interfere with the revocation of the trial court in the absence of a manifest abuse of discretion.' [Cit.]" *Morris v. State,* 153 Ga. App. 415, 416 (265 SE2d 337).

There was eyewitness testimony at the hearing which placed defendant at the scene of the burglary. A witness for the state testified that she saw the defendant in a vehicle backing out of the driveway of the burglarized premises; that there was a television set visible in the open trunk of the car (the owner of the burglarized premises testified that a television set was among the items stolen from their residence); and that the vehicle was driven off at a high rate of speed.

Regardless of whether or not the evidence presented at the revocation hearing would support a conviction of the burglary offense, there was sufficient evidence of defendant's participation in the burglary to warrant the revocation of his probation. See *Johnson v. State,* 142 Ga. App. 124 (235 SE2d 550), affd. 240 Ga. 526 (242 SE2d 53), upholding the revocation of defendant's probation based on evidence produced at the earlier trial of a burglary offense of which defendant was acquitted.

In view of the inculpatory evidence presented at the revocation hearing, we find no abuse of discretion in the trial court's revocation of defendant's probation. The judgment of the trial court is therefore affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

Submitted July 9, 1980 — Decided September 9, 1980.

*Robert E. Reily, III,* for appellant.
*J. W. Morgan, District Attorney, Charles E. Day, Assistant District Attorney,* for appellee.