36946. McELROY v. THE STATE.

GREGORY, Justice.

In 1977 appellant was sentenced to a term of ten years for the offense of armed robbery, part to be served in confinement and the remainder on probation. After his release from prison he was employed by the City of Bremen. On June 4, 1980 he was arrested on a charge of burglary of the Bremen City Hall. While in custody of the police the appellant, who is epileptic, asked to see a doctor. He then gave an incriminating statement to the police. The evidence at the probation revocation hearing was in conflict as to whether or not the statement was given in exchange for medical treatment. The appellant was carried to a doctor after giving the statement.

On June 27, 1980, while appellant was being held pursuant to his

arrest on the burglary charge, a petition for revocation of probation was filed. The petition alleged that appellant was serving a probationary sentence and that he violated the condition of probation that he abide by the penal laws of the state. The particulars alleged were that on certain dates the appellant committed the offense of theft by taking in that he took a weed-eater and a boat from the City of Bremen and on another date he committed the offense of burglary in which he took a chain saw. The petition prayed that the court set a date for a hearing to determine why probation should not be revoked. The court scheduled a hearing for July 9, 1980 and the appellant was served with the petition and order setting the hearing. Appellant filed a motion to suppress the statement taken by police alleging it was made involuntarily. A motion to quash the petition was filed on the ground that the Georgia revocation procedure (Code Ann. § 27-2713, Ga. L. 1966, p. 440) fails to afford minimum due process required by the Fourteenth Amendment to the United States Constitution. The same judge who considered the petition and scheduled the hearing presided over the hearing. Appellant was present at the hearing and was represented by counsel. Five witnesses for the State were examined and cross-examined. Appellant presented a witness and his own testimony plus certain documentary evidence. The court entered written findings of fact, order of revocation, and reasons for revocation.

(1) Appellant first enumerates as error the trial court's failure to grant his motion to quash. His complaint is that no preliminary hearing was held. For authority he relies upon Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972). While Morrissey deals with the matter of parole revocation, the Supreme Court has since determined that probationers are also entitled to due process in revocation proceedings. Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973). The facts relied upon in Morrissey arose from two separate but similar cases. In both cases the petitioner had been serving part of an Iowa state sentence on parole. Each was arrested and confined in the local jail based upon the direction of his parole officer. In each case the Iowa Board of Parole revoked petitioner's parole considering only the written report of the parole officer which stated certain violations of the conditions of parole. No hearing was afforded either petitioner. The Supreme Court granted certiorari to determine whether due process requires a state to afford an individual some opportunity to be heard prior to revocation. The conclusion reached was that due process does require an opportunity to be heard. In reaching this conclusion the court went further and set out certain minimum requirements of due process relating to the procedure of parole revocation. While expressly declining to write a

code of procedure, the court recognized this to be the responsibility of the states by legislation or judicial decision. The court divided these requirements into a suggested two-step procedure. Two steps were suggested because in the situation of a parolee there is "typically a substantial time lag" between arrest and revocation. The parolee is likely to be arrested in his community of residence while the revocation decision is likely to be made a great distance away at the state institution to which he is returned. For example, in Morrissey, one petitioner was arrested in his home town and returned to the penitentiary some 100 miles away. For the other petitioner, the distance was some 250 miles. These considerable distance and time factors peculiar to parole situations obviously influenced the court to suggest a two-step procedure. For the first hearing minimum due process requirements set forth are: (1) notice of hearing; (2) notice of alleged violations; (3) opportunity to appear and speak and offer evidence; (4) right of confrontation, unless there is risk of harm to an informant; and (5) a summary or digest of the hearing together with a determination of probable cause to hold the petitioner made by a hearing officer other than the one initially dealing with the case. The requirements for the second suggested hearing are: (1) written notice of the claimed violations; (2) disclosure of the evidence against parolee; (3) opportunity to be heard in person and to present evidence; (4) right of confrontation (unless there is good cause for not allowing confrontation); (5) a neutral and detached hearing body, not necessarily composed of judges or lawyers; and (6) a written statement by the fact finder as to evidence relied upon and reasons for revocation.

Appellant does not contend the Georgia statutory revocation procedure[1] lacks any particular requirement. Instead, he takes the position that there must be a two-step process. There must be a preliminary and a final hearing. We do not agree.

---

[1] (Code Ann. § 27-2713, Ga. L. 1966, p. 440). "Whenever, within the period of probation, a probation officer believes that a probationer under his supervision has violated his probation in a material respect, he may arrest such probationer without warrant, wherever found, and return him to the court granting such probation, or, if under supervision in a county or judicial circuit other than that of conviction, to a court of equivalent original criminal jurisdiction within the county wherein the probationer resides for purposes of supervision. Any officer authorized by law to issue warrants may issue a warrant for the arrest of the probationer upon affidavit of one having knowledge of the alleged violation, returnable forthwith before the court in which revocation proceedings are being brought. The court upon the probationer being brought before it, may commit him or release him with or without bail to await further hearing or it may dismiss the charge. If such charge is not dismissed at this time, the court shall give the probationer an opportunity to be fully heard at the

The message of Gagnon, supra, is that probationers are entitled to due process in revocation proceedings for the same reasons parolees are entitled to due process in revocation proceedings. While the court refers to the two hearing process suggested in Morrissey, we do not believe the court in either decision intended to require a specific procedure including two hearings in circumstances where all requirements of due process can be afforded in a single hearing procedure. We find the statutory scheme as applied in this case meets each requirement of due process. We agree with the conclusion reached by Judge Clark in *Ware v. State,* 137 Ga. App. 673, 675 (224 SE2d 873) (1976) concerning this same issue: "Since all of these due process requirements can be satisfied in a single court trial as was done in the instant case, we see no reason for duplication in the form of a preliminary hearing." Accord, *Wilson v. State,* 152 Ga. App. 695 (263 SE2d 691) (1979). In the Georgia procedure the probationer is entitled to be returned to a court for commitment pending a final hearing or in the alternative to be released or have the charges dismissed. This same court in the same locale will conduct the revocation hearing. In this procedure, as conducted in this case, all the requirements of due process were afforded to the probationer without the need of a preliminary hearing of the sort suggested in Morrissey.

(2) Appellant next enumerates as error the trial court's finding that his statements made to the police were freely and voluntarily made. We find no merit in this contention.

'"When an appellant objects to the admission into evidence of his confession, the state must prove, by a preponderance of the evidence [cits.], that the confession was voluntary . . . On appellate review, factual and credibility determinations by the trial court must be accepted unless such determinations are clearly erroneous." *Brooks v. State,* 244 Ga. 574, 581 (261 SE2d 379) (1979). Here the appellant does not contend he was abused nor that Miranda warnings were not given. He contends that he needed medication and wanted to see a doctor. He stated in his testimony that he was informed if he would make a statement he could see a doctor. The police testified that a request to see a doctor was made by appellant but that no trade of medical treatment in exchange for a statement occurred. Under this

---

earliest possible date on his own behalf, in person or by counsel: Provided, that if the revocation proceeding is in a court other than the court of original criminal conviction, the sentencing court shall be given 10 days' written notice prior to a hearing on the merits. After such hearing the court may revoke, modify or continue the probation. . ."

evidence we cannot hold it to be clearly erroneous for the trial judge to have found the statement freely and voluntarily made.

*Judgment affirmed. All the Justices concur, except Hill, P. J. who concurs specially, and Smith, J., who concurs in the judgment only.*

DECIDED MARCH 18, 1981.

*Howe & Sutton, Donald B. Howe, Jr., Timothy A. McCreary,* for appellant.

*W. A. Foster III, District Attorney, Frank Winn, Daniel J. Sammons, Barbara V. Tinsley, Assistant District Attorneys,* for appellee.

HILL, Presiding Justice, concurring specially.

In my view Code Ann. § 27-2713 provides for both the preliminary and final hearings mandated for probationers by Gagnon v. Scarpelli, 411 U. S. 778, 781-782. However, in this case McElroy was arrested not for violation of probation but for burglary, and he has not shown lack of probable cause for the state to hold him for burglary. Hence there was no need for the preliminary hearing required by Gagnon to determine whether there was probable cause to hold him for a final probation revocation hearing. In my view Gagnon does not require a preliminary probation revocation hearing where the probationer is being duly held for trial for a subsequent crime. I therefore concur in the judgment.