## 62106. TINSLEY v. THE STATE.

SHULMAN, Presiding Judge.

Following his pleas of guilty to forgery in the first degree, pointing pistol at another, and simple battery, appellant was sentenced in September, 1976, to nine years' probation and a $1,000 fine. In February of 1981, a probation revocation hearing was held based upon an allegation of shoplifting. Following the hearing, the trial court determined that appellant had violated the terms and conditions of his probation and revoked one year of appellant's probation. Appellant maintains that the trial court erred because the evidence presented at the hearing was insufficient to revoke his probation.

"As to the sufficiency of the evidence, this court repeatedly has held that the trial judge is not bound by the same rules of evidence as a jury in passing on the guilt or innocence of the accused in the first instance. The judge is the trier of facts. He has a very wide discretion. [Cits.] Only 'slight evidence' is required to authorize revocation, and where there is any evidence supporting the prohibited criminal activity charged as a violation of the probation, this court will not interfere with the revocation of the trial court in the absence of a manifest abuse of discretion." *Harper v. State,* 146 Ga. App. 337, 338 (246 SE2d 391). See also *Morris v. State,* 153 Ga. App. 415 (265 SE2d 337); *Partee v. State,* 155 Ga. App. 662 (272 SE2d 528).

At the hearing, the state presented an eyewitness to the shoplifting who identified appellant as the perpetrator. A police officer testified that appellant's car was found at the scene after the shoplifter had fled on foot. Although appellant denied the shoplifting charge and presented several alibi witnesses, the credibility of witnesses and the weight to be given the evidence are determinations

to be made by the trial court as the trier of fact. *Morris v. State,* supra.

In view of the inculpatory evidence presented at the revocation hearing, we find no abuse of discretion in the trial court's revocation of appellant's probation.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 15, 1981.

*Lee Payne,* for appellant.

*H. W. Morgan, District Attorney, C. Michael Walker, Assistant District Attorney,* for appellee.