## 65908. ANDERSON v. THE STATE.

BIRDSONG, Judge.

Ricky Bell Anderson on July 21, 1982, pled guilty to possession of marijuana with intent to distribute and attempting to elude. He was placed on probation. On September 7, 1982, the state filed its petition to revoke Anderson's probation, on grounds that he violated the terms of his probation by violating the criminal laws of the state "as evidenced by the fact that on 8/26/82 he was arrested and charged with UGCSA—Sale of Marijuana." The probation revocation hearing was held October 7, 1982.

Appellant would have us overrule or ignore the Supreme Court's decision in *McElroy v. State,* 247 Ga. 355 (276 SE2d 38), and interpret OCGA § 42-8-38 (Code Ann. § 27-2713) as contemplating a bifurcated procedure for revocation of probation. However, we find *McElroy,* supra, to be controlling. Moreover, no reason is urged, nor grounds alleged, to determine that the revocation hearing, which was held 30 days after the petition for revocation was filed, was not held "at the earliest possible date" (OCGA § 42-8-38 (b) (Code Ann. § 27-2713)) after the petition was filed. Absent special circumstances, we hold that 30 days is an entirely reasonable time period between petition and hearing, for the sake of both the state and the offender. See *McElroy,* supra, p. 357, concerning "time lags" in cases of arrest, petition and hearing of parole revocation, which applies in fact and principle to probationers as well.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 4, 1983.

*William F. Underwood, Jr.,* for appellant.
*Hobart M. Hind, District Attorney, John W. Hogg, Assistant District Attorney,* for appellee.