## 66290. HAYES v. THE STATE.

SHULMAN, Chief Judge.

While appellant was serving the probated portion of a sentence he had received after pleading guilty to violations of the Georgia Controlled Substances Act, he was notified of the commencement of probation revocation proceedings against him. In his appeal from the subsequent revocation of his probation he enumerates 31 errors.

1. In the petition for revocation, the district attorney averred that appellant had violated the terms and conditions of his probation by violating the criminal laws of the state. Specifically, the district attorney stated that appellant was accused of committing shoplifting on June 10, 1982, and burglary on July 17, 1982. This was ample to put appellant on notice and meets the requirements of due process of law. *Hubbard v. State,* 139 Ga. App. 336 (1) (228 SE2d 362). Contrary to appellant's assertion, a preliminary hearing is not necessary to comport with due process requirements. *McElroy v. State,* 247 Ga. 355 (1) (276 SE2d 38).

2. Appellant contends that it was error to refuse to grant him immunity in order that he might testify at the revocation hearing without fear of having that testimony used against him in other proceedings. We strongly disagree. Appellant has a Fifth Amendment right which prohibits the state from compelling him to be a witness against himself. "The purpose of [use or derivative use] immunity is to overcome a criminal defendant's Fifth Amendment protection against self-incrimination by granting that defendant use or derivative use immunity from any criminal misconduct disclosed by *compelled testimony.*" (Emphasis supplied.) *Hanson v. State,* 161 Ga. App. 536 (287 SE2d 764), affd. 249 Ga. 739 (295 SE2d 297). When the state does not wish to compel a defendant to testify, it is up to the defendant to decide whether he wishes to exercise or waive his Fifth Amendment right, and he cannot compel the state to enter into an immunity agreement when it has no interest in doing so. Furthermore, contrary to appellant's assertion, it is not necessary that the court stay a probation revocation proceeding until after disposition of the underlying criminal charges. *Houston v. State,* 158 Ga. App. 866 (282 SE2d 418). The denial of appellant's motion to compel the grant of immunity or, in the alternative, to continue the proceeding was not error.

3. Appellant filed a discovery motion pursuant to Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), and now maintains that he was erroneously denied access to the criminal record of a witness called by the state. "[I]t is clear that Brady, supra, requires

production of evidence favorable to the accused which is material either to guilt or punishment, including evidence impeaching the prosecution's witnesses, [cit.] . . ." *Jordan v. State,* 247 Ga. 328, 334 (276 SE2d 224). The criminal record of a witness for the state falls within this category. See *Hines v. State,* 249 Ga. 257 (290 SE2d 911); *Whitaker v. State,* 246 Ga. 163 (2) (269 SE2d 436). However, "Brady does not impose an affirmative obligation on the prosecution to seek out information for the defense, even if such information is more accessible to the prosecution than to the defense." *Hines v. State,* supra, p. 258. Since there is no evidence that the material sought by appellant was known to the prosecution or in its file, the denial of the motion was proper. Id.

4. Appellant's motion to suppress was denied without a hearing. Citing OCGA § 17-5-30 (b) (Code Ann. § 27-313), appellant contends that the trial court's failure to conduct a hearing on the motion is reversible error. We disagree. Before a hearing need be held on a motion to suppress, the motion must be in writing "and state facts showing that the search and seizure were unlawful." OCGA § 17-5-30 (b) (Code Ann. § 27-313). Appellant's motion stated that a certain vehicle was searched on or about July 17, 1982, and that the search was unreasonable, without probable cause and in violation of the Fourth Amendment. The motion to suppress was deficient under OCGA § 17-5-30 (b) (Code Ann. § 27-313) and the trial court did not err in denying the motion without a hearing. *Wallin v. State,* 248 Ga. 29 (1) (279 SE2d 687); *West v. State,* 146 Ga. App. 120 (1) (245 SE2d 478). Compare *Lavelle v. State,* 250 Ga. 224 (3) (297 SE2d 234). "Failure to interpose a timely motion to suppress in compliance with [OCGA § 17-5-30 (b) (Code Ann. § 27-313)] amounts to a waiver of the constitutional guaranty in respect to the search and seizure in question. [Cit.]" *Brannen v. State,* 117 Ga. App. 69 (2) (159 SE2d 476).

5. A police officer testified at the revocation hearing that she saw a car weave across the centerline and the driver fail to observe a stop sign. She decided to follow it and stop the car in a secure, lighted area. Appellant was an occupant of the car, which was later found to contain stolen goods. On cross-examination, the officer was asked "the reason that you didn't stop it is because you didn't have any business for stopping the vehicle, is that correct?" When an objection was interjected, appellant's attorney explained that he was seeking the officer's thoughts at the time. He now objects to the trial court's sustaining the objection. The question was repetitive since the officer had already stated why she had not earlier attempted to stop the vehicle, and it was irrelevant since the officer's opinion as to whether or not she had grounds to stop the automobile is not determinative.

*Cuevas v. State,* 151 Ga. App. 605, 608 (260 SE2d 737). Sustaining the state's objection to the question was not error.

6. Appellant also questions the sufficiency of the evidence presented against him at the revocation hearing.

" 'As to the sufficiency of the evidence, this court repeatedly has held that the trial judge is not bound by the same rules of evidence as a jury in passing on the guilt or innocence of the accused in the first instance. The judge is the trier of facts. He has a very wide discretion. [Cits.] Only "slight evidence" is required to authorize revocation, and where there is any evidence supporting the prohibited criminal activity charged as a violation of the probation, this court will not interfere with the revocation of the trial court in the absence of a manifest abuse of discretion.' [Cits.]" *Tinsley v. State,* 159 Ga. App. 579 (284 SE2d 84).

The state presented evidence that appellant had entered the loading dock area of a retail store, picked up an air conditioner destined for retail sale, and walked off with it. A police officer testified that a car appellant was driving contained a sledge hammer and recently stolen television sets. One cement brick wall of the burglarized store contained a gaping hole, possibly made by a sledge hammer. Appellant's fingerprints were discovered on the boxes of stolen merchandise. In view of this inculpatory evidence, there was no abuse of discretion in the trial court's revocation of appellant's probation, and appellant's motion for a directed verdict was appropriately denied.

7. Appellant cites as reversible error the trial court's alleged failure to make a written statement as to the evidence relied on and the reasons for revoking probation. See Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656). At the close of the reported and transcribed hearing, the trial court stated: "Well, I find, as a matter of fact, that he has committed the offense of theft by shoplifting and also the offense of burglary. The evidence is certainly sufficient to make those findings and I find also that he has violated the terms of his probated sentence and I revoke it in its entirety." Subsequently, the court entered an order which stated: "Whereas, pursuant to notice given to the Defendant, a full hearing was conducted by this Court on the date aforesaid in accordance with [OCGA § 42-8-38 (Code Ann. § 27-2713)] and the Court has adjudged that the terms of probation had been violated as set forth in the following particulars: As set forth in petition. Now, therefore, it is ordered and adjudged that the probation provisions in said original sentence be revoked in accordance with [OCGA § 42-8-38 (Code Ann. § 27-2713)] . . .'" In *State v. Brinson,* 248 Ga. 380 (283 SE2d 463), a case similar to the one presently before us, the Supreme Court concluded that the record

was sufficient from which the basis for revocation could be ascertained and refused to hold that it was necessary for the trier of fact to commit his findings to a separate piece of paper. The same holding and rationale is applicable here.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983 — 

*T. Lee Bishop, Jr.,* for appellant.

*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney,* for appellee.