A89A0018. LEE v. THE STATE.
(383 SE2d 366)

BEASLEY, Judge.
Lee appeals from his conviction of criminal contempt for refusing

to testify in the trial of his co-defendant, Lawton, after he was granted immunity pursuant to OCGA § 24-9-28.

Lee and Lawton were indicted for the robbery and murder of Jones. Lee was tried in January of 1988 and convicted. He testified in his own behalf at that trial.

Upon the trial of Lawton in April of 1988, the prosecutor filed a motion for an order of immunity, which was granted. Lee and his attorney were present for the hearing on the motion. Counsel objected to the entry of an immunity order on the basis of the Fifth Amendment to the United States Constitution and OCGA § 24-9-20. The statutory provision has been held to be governed by the same standards as the Federal Constitutional counterpart up to that time. *Jordan v. State*, 239 Ga. 526, 527 (3) (238 SE2d 69) (1977). The State Constitutional provision (Ga. Const. 1983, Art. I, Sec. I, Par. XVI) was not invoked. Counsel urged that since Lee had a motion for new trial still pending, he was entitled to the privilege against self-incrimination, citing *Stallings v. State*, 136 Ga. 131 (70 SE 1015) (1911).

Lee was later called as a witness and questioned by the district attorney about the crimes. After stating his name and acknowledging that he knew Lawton, he refused to answer any of the remaining questions. He did not affirmatively invoke any particular rights after each question asked but merely sat mute even though he was ordered, after each question, to answer. The only reason defendant himself gave for not testifying was during the hearing on the State's motion, when he testified that his life would be in danger if he testified against Lawton.

1. Defendant's first ground, that the immunity granted was not unconstitutional use and derivative use immunity, was not presented and is not entitled to an initial ruling here. *Fowler v. State*, 155 Ga. App. 76 (2) (270 SE2d 297) (1980). Further, an examination of the grant shows it was as full as provided by OCGA § 24-9-28, so that its scope did not constitute a valid reason for refusing to testify.

2. The second enumeration alleges denial of due process and effective assistance of counsel during consideration of the motion. This contention is based on the alleged lack of adequate notice of the impending grant of immunity. Counsel, however, acknowledged during the hearing that he had known the motion was coming and had discussed it with his client, who had been returned to the county one month before by court order, expressly in anticipation of his being a witness in the co-defendant's trial. The only request made of the court was for "20 minutes or so" to go and check the statute relied on by the State (OCGA § 24-9-28). When the court denied this request, no further request or objection was made. Instead, counsel presented argument and both statutory (OCGA § 24-9-20) and case authority in opposing the grant of immunity. Defendant thus waived review of the

court's refusal to grant a twenty-minute recess by not objecting to proceeding without it. *Fowler*, supra; *Smith v. State*, 186 Ga. App. 303, 311 & 313 (5) & (7) (367 SE2d 573) (1988).

Moreover, although he suggests some, he has shown no harm due to the lack of a recess at that time. *Black & White Constr. v. Bolden Contractors*, 187 Ga. App. 805, 806 (1) (371 SE2d 421) (1988).

Several of the points challenging the grant of immunity urged on appeal were the same points defendant was prepared to and did present below. Although he may have unearthed and formulated the other points presented here had the recess been allowed, none of them would have defeated the State's motion anyway.

a) The fact he still had a pending motion for new trial which, if granted by the trial court or required by the appellate court, would have subjected him to the self-incrimination choice once again, did not preclude compelled testimony via immunity in his co-defendant's trial. OCGA § 24-9-28.

b) The extent of the immunity was not partial, as he feared, but full, as contained in the order read to him by the court (although the transcript indicates he may not have listened) and provided by the statute. OCGA § 24-9-28; *Corson v. Hames*, 239 Ga. 534 (238 SE2d 75) (1977); *Brooks v. State*, 238 Ga. 435 (233 SE2d 208) (1977).

c) The prerequisite that the State must show the compelled testimony would be "necessary to the public interest," which defendant claims was missing, was articulated in the State's motion. It stated that Lee had direct personal knowledge of the actions of Lawton which constituted the crimes for which he was on trial, and that Lee had made statements to the police and in his own trial to the effect that he was present during the commission of the crimes and was involved and participated fully in their commission. Lee did not controvert and does not challenge any of this. Evidence of it was in the court's own record of his trial. The prerequisite was met. *Orkin v. State*, 236 Ga. 176 (223 SE2d 61) (1976). Just because the State had other evidence incriminating Lawton did not render unnecessary the testimony of his accomplice, who was the only other eyewitness, so as to render compulsion unjustified.

While the State could have, and should have under USCR 31, filed and served its motion in advance so as to give the defendant and the court adequate notice of this preliminary matter to permit responsive preparation and scheduling adjustment, under the circumstances here we cannot conclude that as a matter of law the court deprived defendant of due process or effective assistance of counsel by refusing a twenty-minute recess.

3. As stated by the trial court, defendant had waived his rights not to be compelled to give testimony against himself by testifying during his own trial. *Garner v. United States*, 424 U. S. 648 (96 SC

1178, 47 LE2d 370) (1976); *Carter v. State*, 161 Ga. App. 734, 736 (3) (288 SE2d 749) (1982); *Leonard v. State*, 146 Ga. App. 439, 441 (3) (246 SE2d 450) (1978); see *Feig v. Feig*, 246 Ga. 763 (272 SE2d 723) (1980); *Pendergrass v. State*, 245 Ga. 626, 628 (2) (266 SE2d 225) (1980).

*Stallings*, supra, relied upon by Lee, does not indicate that the defendant/witness asserting his right to remain silent in his co-defendant's trial had already testified in his own trial, as occurred here.

Finally, remaining mute in response to the questions propounded by the prosecutor was not an appropriate method by which to invoke the protection. *Cohran v. Carlin*, 165 Ga. App. 141, 142 (297 SE2d 54) (1983).

*Judgment affirmed. McMurray, P. J., concurs. Carley, C. J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED JUNE 13, 1989.

*Willyerd R. Collier*, for appellant.
*Spencer Lawton, Jr., District Attorney, J. Clayton Culp, Assistant District Attorney*, for appellee.