A04A1408. IN THE INTEREST OF S. U., a child.
(603 SE2d 790)

BARNES, Judge.

S. U. appeals from a judgment of contempt following his refusal to testify in the trial of his co-defendant, and from an order granting him testimonial immunity pursuant to OCGA § 24-9-28. He contends that the trial court erred in granting the motion for testimonial immunity without an evidentiary hearing, and in compelling him to

---

testify in his co-defendant's hearing although he was granted testimonial immunity. Upon review, we discern no error and affirm the order granting immunity, and the judgment of contempt.

S. U. and a co-defendant were charged with criminal attempt to commit burglary, cruelty to animals, criminal damage to property, loitering and prowling, and curfew violation. S. U.'s co-defendant's trial was held first, and S. U. was subpoenaed to testify at the trial. On the morning of the trial, the State moved for a grant of testimonial immunity for S. U., which the trial court granted. When he was called to testify, however, S. U. asserted his Fifth Amendment privilege against self-incrimination, and refused to testify. The trial court instructed him to testify, or he would be held in contempt of court. S. U. refused to do so, and the trial court found him in contempt. The trial court granted S. U. a supersedeas bond, and he was not detained. After the State rested, the trial court recessed the trial "until either [S. U.'s] testimony is not an issue . . . or until [his attorney] had an opportunity to apply for an appeal." This appeal followed.

1. S. U. first enumerates as error the trial court's ex parte grant of testimonial immunity without an evidentiary hearing. He complains that he was deprived of "his due process and effective assistance of counsel rights" when it issued the order without notice and an evidentiary hearing. This argument is meritless.

OCGA § 24-9-28 (a) provides in relevant part, as follows:

> Whenever in the judgment of the Attorney General or any district attorney the testimony of any person or the production of evidence of any kind by any person in any criminal proceeding before a court or grand jury is necessary to the public interest, the Attorney General or the district attorney may request the superior court in writing to order that person to testify or produce the evidence.

S. U. provides no authority, nor can we find any, for the proposition that the trial court must hold an evidentiary hearing. Further, although he argues that he had no prior notice of the motion for testimonial immunity, at the bench conference before S. U.'s testimony, S. U.'s attorney acknowledged that he had discussed the issue of immunity with S. U. the day before trial. He obviously knew the motion was coming because it was not filed until the day of trial. The State confirmed that it informed S. U. when he was subpoenaed that it would offer him testimonial immunity. Further, it appears that S. U.'s counsel, contrary to his assertions otherwise, had presented a thorough and well-prepared argument opposing immunity, which he presented in the bench conference before S. U.'s testimony.

Moreover, he has shown no harm resulting from the absence of an evidentiary hearing. The arguments he presents on appeal were essentially presented in the bench conference. There is no evidence that these arguments would have been more persuasive if presented earlier. See *Lee v. State*, 191 Ga. App. 882, 883-884 (2) (383 SE2d 366) (1989) (physical precedent only).

2. S. U. also argues that the trial court erred in compelling him to testify at his co-defendant's hearing although he was granted testimonial immunity. He contends that, because he has not waived his Fifth Amendment privilege against self-incrimination in any prior judicial hearing, "it logically follows that the privilege is still available to him fully intact."

The purpose of use immunity is to overcome a criminal defendant's Fifth Amendment protection against self-incrimination by granting that defendant immunity from any criminal misconduct disclosed by compelled testimony. *Hayes v. State*, 168 Ga. App. 94 (2) (308 SE2d 227) (1983). "[T]he trial court's grant of an order of immunity pursuant to OCGA § 24-9-28 (a) removed any right to invoke the privilege against self-incrimination." (Citation and punctuation omitted.) *Willard v. State*, 244 Ga. App. 469, 470-471 (1) (a) (535 SE2d 820) (2000). "[T]o hold otherwise would render the immunity statute meaningless, because any witness would be able to continue to assert the privilege against self-incrimination regardless of a grant of immunity." Id. at 471.

Moreover, while S. U. claims that testimonial immunity offers less protection than the Fifth Amendment, as the United States Supreme Court found in upholding the federal use-immunity statute against an attack based upon the Fifth Amendment privilege against self-incrimination,

> the immunity provided . . . leaves the witness and the prosecutorial authorities in substantially the same position as if the witness had claimed the Fifth Amendment privilege. The immunity is therefore coextensive with the privilege and suffices to supplant it.

*Kastigar v. United States*, 406 U. S. 441, 462 (92 SC 1653, 32 LE2d 212) (1972).

And, while S. U. argues that he retains his Fifth Amendment privilege against self-incrimination unless he waives it in a prior judicial proceeding, we can find no statutory or legal basis for this assertion. Accordingly, this argument is without merit.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED AUGUST 27, 2004.

*Harris & Vereen, Michelle B. Vereen*, for appellant.
*Daniel J. Porter, District Attorney, Sandra B. Cook, Assistant District Attorney*, for appellee.