**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**November 17, 2023**

# In the Court of Appeals of Georgia

A23A1440. COOPER v. THE STATE.

FULLER, Senior Judge.

After Troy Latrell Cooper admitting to violating multiple conditions of his probation, the trial court revoked his probation and ordered him to serve 18 months in state prison. Cooper appeals, arguing that his 44-day pre-hearing detention violated his due process rights, requiring dismissal of the State's revocation petition. Cooper also argues that the trial court's sentence constituted an abuse of discretion. We disagree with both contentions, and we affirm.

The record shows that Cooper pled guilty in 2019 to multiple counts of theft and fraud and was sentenced to a total of three years of probation. In November 2022, the State obtained a warrant for Cooper's arrest on the ground that he had violated certain conditions of his probation. Cooper was arrested on the warrant on December

20, 2022, and confined in the county jail. On January 4, 2023, the trial court appointed counsel to represent him. On January 10, the State filed a petition to revoke Cooper's probation, alleging the same violations listed in the arrest warrant, along with two new ones.

On February 1, the trial court held a first appearance hearing, which apparently was not transcribed. Later that month, Cooper moved to dismiss the revocation petition, arguing that his due process rights were violated when he was not brought before a judge within 72 hours of his arrest, but instead was jailed for 44 days between his arrest and first appearance hearing. The trial court denied the motion, and the case proceeded to a second hearing the following month.

At the second hearing, Cooper admitted that he had committed the probation violations as alleged in the revocation petition. He acknowledged that he understood he had the right to a hearing at which the State would have to prove the alleged violations by a preponderance of the evidence. Cooper also confirmed his understanding that "even if [his] attorney and the State have agreed upon a recommendation, the Court is not bound by that recommendation" and could sentence him "as the Court sees fit." The State recommended that the court revoke two years of Cooper's probation, to be served in the county jail. Instead, the trial court

2

sentenced Cooper to serve 18 months in state prison. We granted Cooper's application for discretionary review, and he now appeals.

1. Cooper claims that the trial court erred by failing to dismiss the revocation petition based on his post-arrest confinement for 44 days without a hearing, in violation of OCGA §§ 17-4-26 and 42-8-38. We conclude that dismissal was not warranted here.

(a) Regarding Cooper's claim that the State violated his rights under OCGA § 17-4-26, that statute provides:

> Every law enforcement officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before the judicial officer authorized to examine, commit, or receive bail and in any event to present the person arrested before a committing judicial officer within 72 hours after arrest.

This statute "is a directive to an arresting officer to present the arrestee before a committing judicial officer within 72 hours after arrest." *Smith v. Nichols*, 270 Ga. 550, 554 (2) (b) (512 SE2d 279) (1999). See also *Dodson v. Grimes*, 220 Ga. 269, 270-271 (1) (138 SE2d 311) (1964) (interpreting OCGA § 17-4-26's substantially similar predecessor). The State does not dispute that Cooper was not presented to a judicial officer until his first appearance hearing 44 days after his arrest. Thus, it

3

appears that the State did not comply with OCGA § 17-4-26. But "[n]otwithstanding the alleged wrong, the courts have ruled that violation of OCGA § 17-4-26 in no way vitiates the indictment, trial, verdict, and judgment of conviction and sentence." *Robinson v. State*, 182 Ga. App. 423, 427 (12) (356 SE2d 55) (1987) (citation and punctuation omitted) (holding that the defendant was not entitled to be "releas[ed . . .] of all charges based on" an alleged violation of OCGA § 17-4-26). Accordingly, the trial court did not err by declining to dismiss the State's revocation petition due to a lack of compliance with OCGA § 17-4-26.[1]

(b) As to Cooper's claims that the State violated his rights under OCGA § 42-8-38 (b), that statute provides that when a probationer is brought before the court on an alleged probation violation, "the court shall give the probationer an opportunity to be heard fully at the earliest possible date on his or her own behalf, in person or by counsel[.]" Although the statute does not establish any particular timeline for such a hearing, Cooper maintains that "[f]orty-four days without being brought into court for

_____

[1] Cooper cites a federal district court decision holding that an arresting officer's failure to comply with OCGA § 17-4-26 may constitute a due process violation. See *Bunyon v. Burke County*, 285 FSupp2d 1310, 1321 (1) (b) (S.D. Ga. 2003). *Bunyon*, however, was a civil action for damages brought under 42 USC § 1983, not a criminal prosecution or probation revocation proceeding. We express no opinion as to any civil remedies Cooper may have, as that issue is not before us.

any reason is not 'the earliest possible date.'" Again, we find no basis for dismissing Cooper's claims.

In *Anderson v. State*, 166 Ga. App. 521, 521 (304 SE2d 747) (1983), we held that "30 days is an entirely reasonable time between petition and hearing, for the sake of both the state and the offender." Indeed, the United States Supreme Court has recognized that even a "lapse of two months . . . would not appear to be unreasonable." *Morrissey v. Brewer*, 408 U. S. 471, 488 (III) (b) (92 SCt 2593, 33 LE2d 484) (1972). See *Gagnon v. Scarpelli*, 411 U. S. 778, 782 (III) (93 SCt 1756, 36 LE2d 656) (1973) ("a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing under the conditions specified in *Morrissey v. Brewer*"). Cooper's first hearing occurred 28 days after counsel was appointed to represent him and 22 days after the State filed its revocation petition. Although the record does not reflect what transpired at the first hearing, a second hearing was scheduled approximately one month later, at which Cooper admitted the allegations in the revocation petition. Under these circumstances, there was no delay so unreasonable as to require dismissal of the petition.[2]

---

[2] In any event, Cooper has not alleged prejudice. See *United States v. Jackson*, 590 F2d 121, 122-123 (5th Cir. 1979) (recognizing the possibility that a delay in conducting a probation revocation hearing could constitute a due process violation

2. Cooper contends that the trial court erred by requiring him to serve eighteen months in state prison, rather than following the State's recommendation of two years in the county jail. But as Cooper expressly acknowledged in open court before admitting to the probation violations, the decision of what penalty to impose for a probation violation lies within the discretion of the trial court. See *Brown v. State*, 294 Ga. App. 1, 6 (3) (668 SE2d 490) (2008). "[T]his Court will not interfere with a revocation absent manifest abuse of discretion on the part of the trial court." *Wright v. State*, 355 Ga. App. 417, 418 (844 SE2d 279) (2020) (citation and punctuation omitted). Cooper shows no abuse of discretion here, where the court's penalty — although designating a different place of confinement — involved *less* time than the State's recommendation.

*Judgment affirmed. Doyle, P. J., and Gobeil, J., concur.*

---

if it "actually impairs [the probationer's] ability to contest the fact or violation or to present mitigating evidence") (citation and punctuation omitted).