## 30945. PAGE v. THE STATE.

Jordan, Justice.

Appellant, a 74-year-old man, was convicted of the shooting death of a 60-year-old woman with whom he was allegedly having an affair. From a conviction of murder and a life sentence, he now appeals.

1. In his 'first and second enumerations of error, appellant alleges trial court error in allowing two state witnesses to testify, over objection that the state failed to provide defense counsel with a copy of the indictment and a list of witnesses as required by Code Ann. § 27-1403 (Const., Art. I, Sec. I, Par. V; Ga. L. 1966, pp. 430, 431).

Before the provisions of § 27-1403 become operative it is imperative that defendant make a demand before arraignment upon the district attorney or an assistant district attorney. *Beeks v. State,* 225 Ga. 200 (167 SE2d 156) (1969); *Jones v. State,* 224 Ga. 283 (161 SE2d 302) (1968). At trial the district attorney denied that any demand was made. Nowhere in the record does it appear that such a demand was made on the district attorney or an assistant, and it must be assumed that if a demand was made it was not in writing. The record does reveal an indictment containing a plea of not guilty and a written, signed waiver of arraignment, copy of indictment and list of witnesses. This waiver signed by defense counsel and

appellant forecloses the issue. See *Jones v. State,* supra; *Smith v. State,* 123 Ga. App. 269 (180 SE2d 556) (1971).

2. Appellant contends that the trial court erred in overruling his objection to the introduction of a photograph of the deceased as it was of such poor quality that the body of the victim was not recognizable and that its sole purpose was to inflame and prejudice the jury.

The transcript shows that the photographer testified that the photograph was a true and accurate representation of the victim's body at the scene of the April 12, 1974 slaying. We have viewed the photograph and although it has a slight flaw, the subject matter is easily recognizable as a black female with apparent gunshot wounds. We find no abuse of discretion in admitting the photograph. *Johnston v. State,* 232 Ga. 268 (206 SE2d 468) (1974). See *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974).

3. Appellant enumerates as error the trial court's refusal to admit into evidence a letter from the Acting Superintendent of Defender Rehabilitation Center at Central State Hospital, diagnosing appellant to be legally sane, competent to stand trial and "probably" not psychotic on the date of the crime. The trial court ruled the evidence to be incompetent and irrelevant as no issue of the defendant's sanity had been made.

We hold the letter to be incompetent as hearsay and affirm the trial court's ruling. The author of the letter was not before the court and available for cross examination, and any reference to what the doctor may have said or written at a prior time would be hearsay. Code Ann. § 38-301.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 12, 1976 — DECIDED JUNE 8, 1976.

*John D. Mattox,* for appellant.

*W. Glen Thomas, Jr., District Attorney, Arthur K. Bolton, Attorney General,* for appellee.