## 53466. SISSON v. THE STATE.

MARSHALL, Judge.
Appellant Sisson was indicted, tried and convicted of a violation of the Georgia Controlled Substances Act by possessing more than one ounce of marijuana and possessing more than one quart of whiskey in a dry county. He was sentenced to serve 30 days in a correctional institute, followed by probation for four years and payment of a fine. In his appeal Sisson raises seven enumerations of error. *Held:*

1. In his first enumeration of error appellant asserts that the trial judge erred in overruling his motion to suppress the fruits of an allegedly unlawful search and seizure. Though there was an unrecorded motion to suppress the evidence, when the seized evidence was offered by the state, no objection was offered to its admission. By this action, defense counsel waived any objection which might have been urged, including those contained in the motion to suppress. It is a well settled rule in this state that it is too late to urge objections to the

admission of evidence after it has been admitted without objection. *Childers v. State,* 130 Ga. App. 555, 556 (203 SE2d 874); *Carter v. State,* 137 Ga. App. 823 (225 SE2d 64).

2. Appellant's second enumeration complains that the failure of the state to offer as evidence the actual confiscated bottled whiskey, as opposed to proving the possession and contents by oral testimony, precluded conviction of that offense. Appellant admitted in sworn testimony that the beverages confiscated contained tax-paid liquor. Moreover, it is clear that the state is not required to introduce the physical evidence itself. The positive testimony of the state's witnesses is sufficient to authorize the conviction. *Davis v. State,* 135 Ga. App. 203, 205 (217 SE2d 343); *Brown v. State,* 140 Ga. App. 198 (230 SE2d 349). This enumeration is without merit.

3. In his third enumeration of error, appellant contends that the trial judge erred in denying a motion for a directed verdict inasmuch as the state failed to prove that he had actual or constructive possession of the marijuana. This contention apparently is based upon the fact that the evidence tends to show that appellant's wife exercised exclusive dominion over the marijuana. However, the evidence shows that appellant and his family occupied a trailer as their dwelling. The appellant was the head of that household. In the case of a dwelling home, occupied by a single family, the contents therein, including any drugs, may be inferred to have been in the possession of the head of the household. *Crumley v. State,* 135 Ga. App. 394 (217 SE2d 464); *Kenerleber v. State,* 137 Ga. App. 618 (224 SE2d 476); *Sheppard v. State,* 138 Ga. App. 597 (4) (226 SE2d 744). Though this inference is rebuttable, the issue was presented to the jury under appropriate instructions and the issue resolved against appellant. The jury's conclusion being supported by the evidence, we will not disturb it. For the same reason, it was not error for the trial judge to refuse to direct a verdict. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743).

4. Appellant next contends that the trial judge should have dismissed the indictment because he had never been formally arraigned. The record shows that appellant entered a plea of not guilty at a hearing held

prior to trial. Ordinarily a plea is entered at the time of arraignment. Absent any showing to the contrary, the entry of the plea should be sufficient to show arraignment, considering the presumption of regularity. *Garrett v. State,* 133 Ga. App. 564 (211 SE2d 584).

Even if appellant was not properly arraigned, he waived formal arraignment by making a demand for trial and thereafter filing his motion to suppress. He in effect pleaded to the merits when he presented the issue of law, and, even though he might not have been formally arraigned, he had a right to waive arraignment, and by his conduct did waive it. *Baskin v. State,* 137 Ga. App. 840 (225 SE2d 77). This enumeration likewise is without merit.

5. In his fifth enumeration of error, appellant founds his contention that the trial judge erred in failing to grant a directed verdict upon the same arguments presented in Enumerations 2 and 3. In view of the disposition of those enumerations hereinabove, this enumeration is baseless.

6. Enumeration of error 6 contends that the trial judge erred in sentencing appellant separately for the two counts of the indictment. Although appellant was charged with possession of 1.1 ounces of marijuana in Count 1 of the indictment and possession of more than a quart of whiskey in Count 2, both counts were stated in the indictment and the written sentence of the judge to be violations of the Georgia Controlled Substances Act. Appellant contends that, inasmuch as both counts involved a simultaneous possession of prohibited substances, the trial judge could only sentence him for one or the other of the offenses, but not both.

Failure of the indictment to identify an offense by name or failure to identify the offense in the sentence at all, is not fatal to its validity. *Smith v. State,* 60 Ga. 430, 434. In this case the possession of marijuana was in violation of Code Ann. § 79A-811 (j) (Ga. L. 1974, pp. 221, 243; 1975, pp. 1112, 1113), the Georgia Controlled Substances Act. Possession of whiskey in a dry county is proscribed by Code Ann. § 58-1073 (Ga. L. 1937-38, Extra. Sess., pp. 103, 122; 1976, pp. 1715, 1716, eff. April 7, 1976), the Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors. It is clear, therefore,

that, regardless of the denomination of the Code sections violated, appellant was convicted of two entirely different and unrelated crimes. It was not error, therefore, for the trial judge to sentence appellant separately for the two separate crimes.

7. In his final enumeration of error, appellant contends that it was error to present to the jury the indictment as originally returned, which included offenses with which ultimately appellant was not tried. He maintains that this amounted to improperly placing his character in issue, as well as unlawfully publicizing to the community and the jury which tried him, offenses for which he was not required to answer. Appellant did not raise this alleged irregularity at any time during the trial of his case. Where enumerated errors on appeal attempt to raise for the first time questions not raised in the trial court, they present nothing for decision. *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762); *Cauley v. State,* 137 Ga. App. 814, 815 (224 SE2d 794).

8. Having carefully examined the record of trial in this case, we find no enumerated error to be meritorious or which materially affects the substantial rights of the appellant. Accordingly, the judgment will be affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED FEBRUARY 16, 1977 — DECIDED MARCH 10, 1977.

*Yarbrough & Wiley, J. W. Yarbrough, Davis Paul Wiley,* for appellant.

*C. B. Holcomb, District Attorney, Frank C. Mills, III, Assistant District Attorney,* for appellee.