## 55902. LEONARD v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, Betty Jean Leonard, was charged with the murder of her husband. She appeals her conviction of the offense of manslaughter. *Held:*

1. Defendant's first enumeration of error alleges the trial court erred in failing to grant a continuance after the state added three names to the list of witnesses furnished her earlier and that her constitutional rights were violated by lack of sufficient notice and confrontation

under Code Ann. § 2-111 (Art. I, Sec. I, Par. XI, Georgia Constitution of 1976). Further, defendant argues Code § 27-1403 violated the provisions of Code Ann. § 2-204 (Art. I, Sec. II, Par. IV, Georgia Constitution of 1976), thus was unconstitutional.

Neither constitutional error was raised during the trial. Where error is raised first in a motion for new trial or before this court, nothing is presented for review, for this court is a court for correction of error and no issue was ever raised during the trial calling for a ruling. *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371); *Redwing Carriers v. Knight,* 143 Ga. App. 668, 674 (239 SE2d 686).

Although defendant complains of the failure of the state to advise him at an earlier date of the names of the new witnesses, the record reflects that both the defendant and his counsel waived notice of witnesses when entering the plea of not guilty on the indictment. Such waiver precludes a later claim of error. *Brown v. State,* 235 Ga. 644 (2) (220 SE2d 922); 237 Ga. 20 (1) (227 SE2d 8). Further, the district attorney stated that these were newly discovered witnesses, which comes within an exception to the general rule. *Butler v. State,* 226 Ga. 56 (4) (172 SE2d 399); *Wilson v. State,* 235 Ga. 470 (4) (219 SE2d 756).

2. Mrs. J. A. King lived across the street from the deceased and his wife. On the afternoon this incident occurred she saw the deceased come to her house. He asked her to help him. He said: "My wife shot me in the stomach." Defendant objected, but the trial court permitted the statement to remain in as part of the res gestae.

The time factor between the actual shooting and the moment the deceased made the statement to Mrs. King is uncertain. Mrs. Ruth King's son was spending the night with his grandparents, Mr. and Mrs. J. A. King. Mrs. Ruth King lives a short distance from her husband's parents, and the deceased and his wife. On the evening that the shooting occurred she heard what she thought were shots coming from the direction of the defendant's house. She telephoned her son and he told her what had happened. She drove her car in that direction and saw the defendant as she left the house in her car. She estimated

the elapsed time was "between ten and fifteen minutes."

The defendant testified that she and her husband had an argument and he had taken his gun outside and shot it five times, then handed the pistol to her. He came back and told her to leave. She "put three shells" in the gun, dressed her children and started to leave, but the deceased would not permit her to take the baby. Another argument ensued. The deceased advanced toward her. She shot once. The deceased continued toward her and "when he jumped towards me I shot three shots." At that time the deceased had his hands around her neck and left the back porch. "After the third shot he ran down the front yard." She entered the house, "got the baby, got in the car and I went to my father's."

From the assimilation of these facts it is evident that the deceased ran from his own back yard after being shot, through his front yard, across the street to Mrs. King's home and made the statement. All of this occurred within a matter of minutes.

Admissibility of statements claimed to be within the res gestae exception to the hearsay rule is left to the sound discretion of the courts. *Bunn v. State,* 144 Ga. App. 879, 881 (243 SE2d 105). "No precise time can be fixed a priori when the res gestae ends, but each case must turn on its own circumstances, the inquiry being rather into events than to the precise time which has elapsed." *Turner v. State,* 212 Ga. 199, 200 (91 SE2d 501). We find no abuse of discretion. *Jones v. State,* 120 Ga. App. 295 (2) (170 SE2d 305); *Hawes v. State,* 240 Ga. 327, 332 (240 SE2d 833).

3. The defendant was sworn as a witness and testified in her own behalf. On cross examination she was asked by the district attorney if she could recognize the gun she used to shoot her husband. She answered: "That looks like it." The defense counsel objected to the answer on the ground that his client "is being forced to give a self-incriminating statement . . . and I advise her that she doesn't have to answer that question." The court permitted the answer to stay in but when she was asked if she gave the weapon to a police officer, the trial court ruled that her attorney had "the right to advise [his] client about what she may do under the law." Her counsel advised her: ". . . you do not have to answer that question. . ."

The defendant refused to answer the question. However, the court admitted the pistol to be introduced in evidence because of the defendant's testimony identifying it as the weapon used by her.

On appeal defendant contends the evidentiary basis for admission of the weapon was "illegal testimony . . . for the reason the same violated defendant's constitutional rights . . . codified as Title 2-113 . . . 'No person shall be compelled to give testimony tending in any manner to criminate himself.' " We cannot agree.

The Fifth Amendment of the U. S. Constitution, in part, and Code Ann. § 2-113 (Art. I, Sec. I, Par. XIII of the Constitution of Georgia of 1976) provide that "[n]o person shall be compelled to give testimony tending in any manner to criminate himself." The Fifth Amendment applies to the states through the Fourteenth Amendment. Griffin v. California, 380 U. S. 609, 611 (85 SC 1229, 14 LE2d 106). The critical word in this constitutional right is "compelled." "A defendant in a criminal case who voluntarily testifies in his own behalf, waives completely his privilege under the Fifth Amendment . . ." Raffel v. United States, 271 U. S. 494 (1) (46 SC 566, 70 LE 1054). Furthermore, when a defendant voluntarily takes the stand in his own behalf and testifies as to his guilt or innocence as to a particular offense, "[h]is waiver is not partial; having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing." 271 U. S. 497. "His voluntary offer of testimony upon any fact is a waiver as to *all other relevant facts* because of the necessary connection between all." VIII Wigmore on Evidence 459, § 2276 (2). Both of our statutes, Code Ann. § 27-405 (Ga. L. 1962, pp. 453, 454; 1973, pp. 292, 293) and Code Ann. § 38-415 (Ga. L. 1868, p. 24; as amended through 1973, pp. 292, 294), specifically permit the defendant to be cross examined "as any other witness" except as to general bad character or prior convictions. Such cross examination may be "thorough and sifting." Code § 38-1705.

There was no error in unwrapping the murder weapon in view of the jury where it is ultimately entered in evidence and the court was correct in permitting the

district attorney to cross examine the defendant on the identity of the weapon she stated on direct examination that she used to shoot her husband.

The court was in error in permitting the defendant to claim the privilege of refusing to answer the question as to whether she had given the weapon to a police officer. She had waived her Fifth Amendment rights when she voluntarily took the stand in her defense. Raffel v. United States, 271 U. S. 494 (1), supra. However, the ruling was in her favor and was not prejudicial to any right accorded her by law. Thus, defendant's enumerations of error 3, 4 and 6 are meritless.

4. Defendant contends the court erred in admitting contents of a conversation by the deceased with his brother, one week before the deceased died, without laying "the proper foundation." We agree that no foundation was introduced for the statement of the deceased to his brother that "he said his wife shot him" and "that he was shot with a .22 pistol." However, the burden is on a party claiming error not only to show error, but "error which injured him . . . [and] unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right" an appellate court will not reverse. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741). In the instant case, the testimony complained of is the same testimony given by the defendant when she was on the stand. Such cumulative testimony is not error which is prejudicial to an accused. *Williams v. State,* 135 Ga. App. 919 (1) (219 SE2d 632); *Burch v. State,* 141 Ga. App. 173 (2) (233 SE2d 31).

5. It is alleged that the trial court erred in charging the jury that "[i]f you find that she is not guilty under the rules which I have given you, and the State has not proven to your satisfaction by a preponderance of the evidence, beyond a reasonable doubt that she is guilty of manslaughter, then that is such a doubt, the benefit which you should give to her, and the form of your verdict would be, 'We, the jury, find the defendant not guilty.' "

This instruction was given at the close of a lengthy charge in which the court had correctly given the charge on proof of guilt beyond a reasonable doubt eight times.

This incorrect phrase within an otherwise correct statement of law could not have misled the jury where they had previously heard the correct rule over and over again. *Baker v. State,* 137 Ga. App. 33 (4) (222 SE2d 865). We find no prejudicial error to defendant as to this charge.

6. The state called a witness in rebuttal of the defendant's testimony at trial. The statement by the defendant to the witness was specifically admitted for purpose of impeachment and the jury was so instructed. Defendant contends it was error because it was a statement made to a police officer after she was suspected of shooting her husband and she had not been advised of her constitutional rights.

Pretermitting the question of admissibility of the statement because of the lack of a proper warning, this court held in *Hancock v. State,* 131 Ga. App. 485 (2) (206 SE2d 104); and *Gale v. State,* 138 Ga. App. 261, 264 (226 SE2d 264), "That statements made by the defendant without prior Miranda warnings would be admissible for the limited purpose of impeachment through proof of contradictory statements." Accord, Harris v. New York, 401 U. S. 222, 226 (91 SC 643, 28 LE2d 1). This enumeration is without merit.

*Judgment affirmed. Webb, J., concurs. McMurray, J., concurs in the judgment only.*

SUBMITTED JUNE 7, 1978 — DECIDED JUNE 27, 1978.

*Chance, Maddox & Jones, R. F. Chance,* for appellant.
*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney,* for appellee.