## 60141. MOORE v. THE STATE.

DEEN, Chief Judge.

1. While the quantum of evidence necessary to support a probation revocation on appeal is merely that there be some legal evidence to support the finding, where no such evidence exists the decision must be reversed. *McGuire v. State,* 136 Ga. App. 271 (220 SE2d 769) (1975).

2. The defendant was found either asleep or passed out in his automobile parked on the premises of friends who testified they had invited him to spend the night, but had themselves gone to sleep before he arrived. He was arrested for public drunkenness, a misdemeanor under Code § 26-2607. Public drunkenness means drunkenness "in any public place or within the curtilage of any private residence not his own other than by invitation of the owner or lawful occupant." Here the defendant was not in a place from which such an arrest could be made. Cf. *LaRue v. State,* 137 Ga. App. 762 (224 SE2d 837) (1976). Furthermore, the intoxication must be made manifest by indecent act or unbecoming language. Extreme stupor or sleep is not a violation of the law. *Peoples v. State,* 134 Ga. App. 820 (216 SE2d 604) (1975). An arrest for public drunkenness was under these circumstances illegal.

3. Following the arrest the vehicle was driven by an officer to the police station and searched as part of an inventory procedure. An

attempt by a third party to claim the discovered marijuana as belonging to him, being in a jacket which he testified he had left in the car, was rejected by the trial court. However, the motion to suppress was erroneously denied, since its only basis was the illegal arrest and seizure of the vehicle. Where there is no legal justification for the arrest, its unlawful fruits may not be introduced in evidence. *LaRue v. State,* 137 Ga. App. 762, 763, supra; *Owens v. State,* 153 Ga. App. 525 (265 SE2d 856) (1980); *Adams v. State,* 153 Ga. App. 41 (264 SE2d 532) (1980).

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JUNE 4, 1980 — DECIDED JULY 14, 1980.

*George M. Saliba,* for appellant.
*Vickers Neugent, District Attorney,* for appellee.