## 60270. KILGORE v. THE STATE.

SHULMAN, Judge.

Defendant appeals the revocation of his probation, contending that the court's order of revocation was impermissibly based upon evidence of a violation of his probation obtained through an illegal search and seizure. See in this regard *Austin v. State,* 148 Ga. App. 784 (252 SE2d 696). We affirm.

1. Although defense counsel filed a motion to suppress the inculpatory evidence, counsel failed to object to the admission of such evidence at trial. "By this action, defense counsel waived any ob-. jection which might have been urged, *including those contained in*

*the motion to suppress.* It is a well settled rule in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection." (Emphasis supplied.) *Sisson v. State,* 141 Ga. App. 559 (1) (234 SE2d 146); *Abrams v. State,* 144 Ga. App. 874 (1) (242 SE2d 756). That being true, appellant's contentions of error premised upon the denial of his motion to suppress do not present grounds for reversal on appeal.

Consequently, defendant's assertion of error in regard to the court's refusal to admit certain exculpatory testimony into evidence (which testimony went to the issue of the denial of defendant's motion to suppress), even if error, would thus be harmless.

2. Nor can we agree that the trial court abused its discretion in regard to defense counsel's cross examination of the arresting officer (on the issue of the validity of the officer's initial stop of the defendant), since the court (in spite of its remark that it was only interested in whether or not defendant did in fact possess marijuana) did allow defense counsel a thorough and sifting cross examination of the witness.

Moreover, since the questions posed to the officer on cross examination went to the issue of the legality of defendant's arrest and thus, indirectly, to the admissibility of evidence seized incident to the arrest; and since defendant was deemed to have waived objection to the admission of such evidence, any error in the court's statement must be deemed harmless.

3. Contrary to appellant's contentions, the trial court was authorized to, and did properly, exercise its authority and discretion in ordering the execution of the remainder of the original sentence imposed by the court. See Code Ann. § 27-2713.

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JULY 10, 1980 — DECIDED SEPTEMBER 3, 1980 — REHEARING DENIED SEPTEMBER 18, 1980 —

Timothy A. McCreary, for appellant.
W. A. Foster, III, District Attorney, Daniel J. Sammons, Assistant District Attorney, for appellee.