## 60304. SKINNER v. THE STATE.

SHULMAN, Judge.

Defendant appeals the revocation of his probation, contending that the trial court's order of revocation was impermissibly based upon evidence of a violation of his probation obtained through an illegal search and seizure. See in this regard *Austin v. State,* 148 Ga. App. 784 (252 SE2d 696). For the reasons stated below, the judgment of the trial court must be affirmed.

Defendant was placed on probation on October 5, 1979. On December 27, 1979, a car owned by defendant and in which he was riding as a passenger was stopped by police officers for speeding and weaving. Defendant was sleeping in the front passenger seat at the time the car was stopped. Defendant subsequently got out of the car, whereupon the police officer placed him under arrest, apparently for being under the influence of alcohol or drugs. Incident to such arrest defendant was searched. Two Valium tablets were found on his person and were identified as part of the prescription of another occupant of the car. After his arrest, appellant was given an intoximeter test which revealed a blood alcohol level of .06.

The trial court revoked defendant's probation on the grounds that defendant had, in violation of the terms of his probation, been under the influence of alcohol or drugs; had possessed drugs; and had been associating with others who used alcohol and drugs.

The facts of the instant case are strikingly similar to those of *Moore v. State,* 155 Ga. App. 299 (270 SE2d 713) (1980), wherein this court held the arrest of the defendant for drunkenness illegal where,

as here, intoxication was not made manifest by an indecent act or unbecoming behavior. This court held that the illegality of the arrest rendered the inculpatory evidence derived therefrom inadmissible. The court thus held defendant-Moore's motion to suppress to have been erroneously denied, since it was premised upon an illegal arrest.

While the instant case would seem to be controlled by *Moore,* unfortunately for defendant, no motion to suppress the fruits of the unlawful arrest or objection to the admission of the evidence at trial was interposed on his behalf. See *Sisson v. State,* 141 Ga. App. 559 (1) (234 SE2d 146). Such failure precludes our consideration on appeal of the legality of the arrest and the concomitant admission of evidence derived from that arrest. "It is a well settled rule in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection." Id. See also *Kilgore v. State,* 155 Ga. App. 739 (1980).

Thus, while we are sympathetic to the plight of the defendant, we are without authority to interfere with the trial court's revocation of defendant's probation, inasmuch as it was based upon probative evidence that defendant violated the terms of his probation. See, e.g., *McCarty v. State,* 146 Ga. App. 389 (246 SE2d 416). That being true, we are without recourse but to affirm the judgment of the trial court.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JULY 10, 1980 — DECIDED SEPTEMBER 12, 1980.

*Hugh Nations,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.