## 63052. CARTER v. THE STATE.

SHULMAN, Presiding Judge.

Bobby Carter was indicted for and convicted of theft by receiving stolen property (a Caterpillar 941B front-end loader), and two counts of criminal use of an article with an altered identification number. He now raises three enumerations of error in an effort to set aside the judgment entered on the guilty verdicts. After reviewing the record, we affirm the convictions.

1. In its case in chief, the state included evidence concerning a stolen Ford tractor missing its visible serial numbers. Appellant asserts that the inclusion of this evidence constituted reversible error. We must disagree.

"On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of

the one tends to establish the other. [Cit.] Thus, before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515).

The evidence adduced at trial satisfied the above requirements. The actual owner of the Ford tractor testified that the serial numbers were properly affixed to the machinery when it was stolen, and the police investigator stated that the numbers were no longer on the equipment when it was confiscated by police from appellant. When appellant took the stand, he testified that he was aware that such equipment carried serial numbers for identification purposes. Thus, there was evidence that appellant was the perpetrator of the independent crime, theft by receiving. Secondly, the similarity of the subject of the independent crime and the subjects of the offenses charged (earth-moving equipment), the geographic similarity (stolen from Cobb County construction sites, recovered in Cherokee County), and the similarity of the crimes themselves constituted a sufficient similarity or connection between the independent crime and the ones for which appellant was tried. The admission of evidence of the independent crime to show motive, intent, scheme, and bent of mind was not error, despite appellant's assertion that remoteness in time between the offenses bars evidence pertaining to the independent crime. Inasmuch as appellant was found to have been in possession of the Ford tractor and the two Caterpillar machines at various times from July-October 1980, remoteness, a relative factor (*Staggers v. State,* 120 Ga. App. 875 (2) (172 SE2d 462)) does not bar the admission of the questioned evidence.

2. Appellant's next enumeration of error arises from a somewhat unusual situation. Testifying in his own defense, appellant repeatedly stated that he had bills of sale for both the Ford tractor and one of the Caterpillars. When he was finally asked to produce the documentation on cross-examination, appellant surrendered photocopies of bills of sale from a Roger Anderson to appellant. Questioning the authenticity of the photocopies, the state's attorney requested that appellant bring to court the originals, which appellant had testified he had at home, in order that ink and fingerprint analyses could be done. The trial court requested the same of appellant. Apparently, the district attorney also served appellant with a notice to produce the documentary evidence. Appellant was unable to produce the originals and now maintains that the district attorney failed to comply with the requirements of Code Ann. §

38-801(f) with regard to the notice to produce and that the order compelling him to produce the documents violated his right against self-incrimination. We note that since the notice to produce has not been made a part of the record before us, we cannot entertain appellant's assertion of noncompliance with Code Ann. § 38-801(f). *Williams v. State,* 153 Ga. App. 192 (1) (264 SE2d 715).

3. Appellant's assertion of a Fifth Amendment privilege is not meritorious. "A defendant in a criminal case who voluntarily testifies in his own behalf, waives completely his privilege under the Fifth Amendment. [Cit.] Furthermore, when a defendant voluntarily takes the stand in his own behalf and testifies as to his guilt or innocence as to a particular offense, 'his waiver is not partial; having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing.' [Cit.] 'His voluntary offer of testimony upon any fact is a waiver as to *all other relevant facts* because of the necessary connection between all.' [Cit.]" *Leonard v. State,* 146 Ga. App. 439, 442 (246 SE2d 450). By taking the stand and testifying that he had bills of sale for one of the Caterpillars and the Ford tractor, appellant waived his privilege and could be compelled to produce the evidence.

4. In his third and final enumeration of error, appellant maintains that one of the state's rebuttal witnesses, the State Crime Lab's chief document examiner, should not have been allowed to testify. The witness summarized the capabilities of the lab to verify documents, but added that an examination could only be performed on an original document, not on a photostatic copy. We find this testimony to be within the scope of rebuttal and thereby conclude that appellant's enumeration is without merit.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MARCH 4, 1982 —
REHEARING DENIED MARCH 19, 1982.

*C. Michael Roach,* for appellant.
*Rafe Banks III, District Attorney, Garry T. Moss, George W. Weaver, Assistant District Attorneys,* for appellee.