## 68858. HUBBARD v. THE STATE.
### (325 SE2d 799)

BANKE, Presiding Judge.

Wayne Hubbard brings this appeal from his conviction of five counts of sale of phencyclidine, one count of possession of phencyclidine, and one count of distribution of phencyclidine, all in violation of the Georgia Controlled Substances Act. *Held*:

1. In his initial enumeration of error, the defendant contends that the trial court erred in allowing the State to prosecute all seven indictments in a single trial. "The underlying consideration regarding the issue of a joint trial on two or more [charges] is whether undue or great risk of prejudice from a joint disposition of charges would result. *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). Where the joinder is based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, severance lies within the discretion of the trial judge." *Jackson v. State,* 249 Ga. 751, 758 (295 SE2d 53) (1982). The crimes charged in this case formed a continuous series of drug dealings between the same parties and were properly disposed of in a single trial.

2. The court did not err in admitting into evidence over objection a little blue book which, according to a state's witness, had been used by the defendant to transfer the drugs to the buyer, who, in turn, had placed the money for the drugs in the book and returned it to the defendant. The pages in the book were filled with numbers and names. On one page, for example, is written "owes me 3 grs.; owes me 2 g.; plus 2-½ grs." We agree with the defendant that a reasonable inference can be made that the notations "gs," "g," and "grs" refer to grams and tend to indicate a familiarity on his part with small metric measurements commonly used in the sale and transfer of controlled substances. However, "[t]o contend that this evidence . . . has no relevance to the charge of possessing drugs with intent to distribute is sheer sophistry, undeserving of response by this court." *Mason v. State*, 146 Ga. App. 557, 558 (247 SE2d 118) (1978).

3. The defendant contends that the court erred in allowing the state's chemist, who characterized phencyclidine as a Schedule I drug, to testify that Schedule I drugs have the highest potential for abuse. Assuming *arguendo* that the testimony was objectionable as being outside of the witness' area of expertise, defendant's failure to object precludes our consideration of the issue. See *Skinner v. State*, 155 Ga. App. 754 (272 SE2d 570) (1980).

4. Defendant's contention that the court erred in not allowing him to examine notes used by a state's witness to refresh her memory is without merit. See *Reece v. State*, 160 Ga. App. 59 (286 SE2d 41) (1981).

5. Defendant, an indigent for whom counsel had been appointed,

contends that the trial court erred in denying his motion for financial assistance to enable him to secure his own expert to conduct an independent chemical analysis of the alleged phencyclidine. "In *Patterson v. State*, 238 Ga. 204 (232 SE2d 233) (1977), it was held that a defendant charged with possession or sale of a contraband substance has the right to have an expert of his own choosing analyze the substance. However, it subsequently has been held that the grant or denial of a motion for appointment of an expert witness lies within the sound discretion of the trial court, and where the defendant's conviction did not rest entirely on the state's expert evidence, and the state's expert was not shown to be incompetent or biased . . . the trial court did not abuse its discretion in denying such motion. *Jackson v. State*, 249 Ga. 751, 755 (3) (295 SE2d 53) (1982)." *Carter v. State*, 252 Ga. 502 (2) (315 SE2d 646) (1984). Given the absence of any indication that the state's expert was incompetent or biased or that the chemical analysis performed by him might otherwise be unreliable, we hold that the trial court did not abuse its discretion in denying the motion.

6. The defendant contends that the trial court erred in refusing to conduct a hearing to determine whether the State should be required to reveal the identity of a confidential informant who provided information leading to his arrest. The record shows that this motion was filed with a number of other motions, that a separate hearing on these motions was conducted by the trial court, and that although the other motions were heard, the one concerning the informant's identity was not specifically called to the court's attention at this time. When the case came to trial a week later, the defendant's counsel announced ready and made no subsequent request for a ruling on the motion. Under these circumstances, we hold that the defendant has made "no request or showing which would contravene [OCGA § 24-9-27] which grants the privilege against disclosure. [Cit.]" *Bennett v. State*, 153 Ga. App. 21, 27 (264 SE2d 516) (1980). Furthermore, the defendant was not impermissibly restricted in his cross-examination of the State's witness as to the identity of the informant.

7. The State's evidence established a *prima facie* showing of defendant's guilt on all charges. Defendant's sole defense was entrapment. He testified that he had never dealt in illegal drugs until a man he knew as Joe Westmoreland persuaded him that he could make a lot of money doing so and introduced him to GBI agents posing as prospective purchasers. Defendant denied that he had ever used illegal drugs himself or that he had ever sold them to anyone other than Westmoreland and the undercover GBI agents; and he maintained that absent the actions of Westmoreland and the GBI agents, he would never have been involved in such activities. On cross-examination, he admitted acquiring and selling the subject illegal drugs, answered questions on the financing of the transactions, and testified

regarding how long it had taken him to acquire the drugs. However, he invoked his Fifth Amendment privilege against self-incrimination when asked to disclose the source of the contraband. For this reason, upon motion by the State at the conclusion of his testimony, the trial court struck his entire testimony regarding entrapment and instructed the jury to disregard it totally in their deliberations. This action is enumerated as error on appeal.

" 'A defendant in a criminal case who voluntarily testifies in his own behalf, waives completely his privilege under the Fifth Amendment . . .' [Cit.]. Furthermore, when a defendant voluntarily takes the stand in his own behalf and testifies as to his guilt or innocence as to a particular offense, 'his waiver is not partial; having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing.' [Cit.] 'His voluntary offer of testimony upon any fact is a waiver as to *all other relevant facts* because of the necessary connection between all.' [Cit.]" *Leonard v. State*, 146 Ga. App. 439, 442 (246 SE2d 450) (1978); *Carter v. State*, 161 Ga. App. 734 (3) (288 SE2d 749) (1982). "[W]hen a witness declines to answer on cross-examination certain pertinent questions relevant to a matter testified about by the witness on direct examination, all of the witness' testimony on the *same subject matter* should be stricken." *Smith v. State*, 225 Ga. 328, 331 (168 SE2d 587) (1969).

In *Rasnake v. State*, 164 Ga. App. 765 (2) (298 SE2d 42) (1982), the defendant, a drug courier, chose to testify concerning his version of the events preceding his arrest and search; however, on cross-examination he refused on Fifth Amendment grounds to identify the owner of the suitcase in which the drugs were found. This court held that the trial court did not err in striking the defendant's testimony because the ownership of the case was relevant to the search and seizure.

In the case before us, the entire substance of the defendant's testimony was that his involvement in drugs had been brought about through the concerted efforts of government agents. Information concerning the manner in which he had obtained the drugs in question was not merely collateral to his claim of entrapment but was intimately involved with it. Accordingly, the trial court did not err in instructing the jurors to disregard his entire testimony.

*Judgment affirmed. McMurray, C. J., Birdsong, P. J., Carley, Sognier, and Beasley, JJ., concur. Deen, P. J., Pope and Benham, JJ., dissent.*

DECIDED DECEMBER 4, 1984 —
REHEARING DENIED DECEMBER 19, 1984 —

*William P. Slack*, for appellant.
*David L. Lomenick, Jr., District Attorney, Roland L. Enloe, Jr., Assistant District Attorney*, for appellee.

POPE, Judge, dissenting.

I respectfully dissent. The State presented evidence which established a prima facie showing of appellant's guilt on all charges. Appellant's sole defense was entrapment. Appellant testified that he had never dealt in illegal drugs prior to having been induced to sell drugs by a man he knew as Joe Westmoreland, a man who later introduced appellant to undercover GBI agents. Appellant was persuaded to participate in selling drugs by Westmoreland's assertion that appellant could make a lot of money. Appellant denied ever using illegal drugs himself and denied selling them to anyone other than Westmoreland and the undercover GBI agents. He testified that absent the actions of Westmoreland and the GBI agents, he would not have gotten into dealing in illegal drugs. On cross-examination appellant admitted acquiring and selling the subject illegal drugs; he answered questions on the financing of the drug transactions; and he testified how long it took him to acquire the drugs. However, appellant invoked the Fifth Amendment when asked the identity of his source of the illegal drugs. Upon motion by the State at the conclusion of appellant's testimony, the trial court struck the entirety of appellant's testimony and instructed the jury to totally disregard it in their deliberations.

"A party, though introduced as a witness in his own behalf, may, upon cross-examination as to matters not voluntarily testified about on his direct examination, decline to give testimony which would tend to incriminate him. . . ." *Bishop v. Bishop*, 157 Ga. 408 (1) (121 SE 305) (1924). "The true rule is that when a witness declines to answer on cross-examination certain pertinent que[s]tions, relevant to a matter testified about by the witness on direct examination, all of the witness' testimony on the *same subject matter* should be stricken. [Cits.]" *Smith v. State*, 225 Ga. 328, 331 (168 SE2d 587) (1969), cert. den., *Smith v. Georgia*, 396 U. S. 1045, rehg. den., 397 U. S. 970 (1970). "[A] distinction must be drawn between cases in which the assertion of the privilege merely precluded inquiry into collateral matters which bear only on the credibility of the witness and those cases in which the assertion of the privilege prevents inquiry into matters about which the witness testified on direct examination." Id. at 333.

It is clear under the circumstances in this case that the State's inquiry as to appellant's source of the illegal drugs was neither a mat-

ter essential to its case-in-chief nor a matter testified about by appellant on direct examination. Indeed, the State's sole purpose in pursuing this line of questioning was an attempt to rebut appellant's entrapment defense by inquiring into his "knowledge and expertise . . . in dealing with drugs." While I encourage all lawful attempts by the State to discover and eradicate all sources of illegal drugs, the State's inquiry here was not pertinent to the issues raised at trial, i.e., the identity of appellant's source of the drugs was at most an issue collateral to the State's case-in-chief as well as appellant's defense of entrapment. Compare *Rasnake v. State*, 164 Ga. App. 765 (2) (298 SE2d 42) (1982), cert. den., *Rasnake v. Georgia*, ___ U. S. ___ (103 SC 3114, 77 LE2d 1368) (1983), wherein the defendant's testimony was stricken upon his refusal to answer a question relating to the ownership of a certain suitcase in which illegal drugs were discovered, said inquiry being relevant to issues raised at trial. Since the State's questions regarding the identity of appellant's source of the drugs bore only on appellant's credibility and not on a matter about which appellant had testified on direct examination, under the holding in *Smith v. State*, supra, the trial court was not authorized to strike any portion of appellant's testimony upon his invocation of the Fifth Amendment in response to the questions. In my view, the trial court's action in this regard is error requiring a new trial.

I am authorized to state that Presiding Judge Deen and Judge Benham join in this dissent.