### 45652. JACKSON v. THE STATE.
(368 SE2d 771)

WELTNER, Justice.

Acting on instructions from Christopher Mapp, Lynn Jackson shot and killed Helen Wierzalis with a handgun, and wounded Rebecca Davis with the same weapon. Jackson and Mapp were indicted for murder and aggravated assault, and were convicted of these crimes by a jury. Each was sentenced to life in prison for murder and

twenty years in prison for aggravated assault.[1]

1. From the evidence a rational trier of fact could have found Jackson guilty beyond a reasonable doubt of the crimes of murder and aggravated assault, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After Jackson was arrested, a police officer arranged for Mapp to meet with Jackson, and Mapp secretly recorded his conversation with Jackson. When the district attorney attempted to introduce the recording, Jackson objected, citing *Massiah v. United States*, 377 U. S. 201 (84 SC 1199, 12 LE2d 246) (1964). The trial court sustained the objection, and no part of the recording was admitted. As the recording was suppressed, there was no error.

3. Jackson's other ground for appeal is that it was error to allow him to be cross-examined concerning his post- arrest silence. He cites *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976), for the proposition that questioning concerning an accused's post-arrest silence violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Here, however, the record discloses that, before the questioned cross-examination, Jackson was examined by his counsel, and testified that he had made no statement to the police. Having addressed this matter by his own testimony on direct examination, it was not error to allow cross-examination as to that same subject matter. See *Leonard v. State*, 146 Ga. App. 439, 442 (246 SE2d 450) (1978) and *Carter v. State*, 161 Ga. App. 734 (288 SE2d 749) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 15, 1988.

*Harry J. Bowden,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.

---

[1] The crimes were committed on December 21, 1986. Jackson was indicted on February 10, 1987, and was found guilty and sentenced on June 22, 1987. On March 7, 1988, Jackson filed an out-of-time notice of appeal which was allowed by order of the trial court dated February 23, 1988. The appeal was docketed on March 28, 1988, and the appeal was submitted without oral argument on June 13, 1988. The conviction of Christopher Mapp was affirmed in *Mapp v. State*, 258 Ga. 273 (\_\_\_ SE2d \_\_\_) (1988).