## A00A1596. BRASWELL v. THE STATE.
### (538 SE2d 492)

ELDRIDGE, Judge.

A Laurens County jury found Jeffery Lamar Braswell guilty of aggravated assault, robbery, and theft by taking — motor vehicle, which charges arose from a 1996 incident in which Braswell and his brother beat and kicked the victim, took the victim's ring and wallet, and stole the victim's 1994 Nissan Altima; as a result of the assault, the victim suffered three broken ribs, a punctured lung, and severe lacerations to the head. Braswell appeals, raising seven claims of error, including ineffective assistance of trial counsel. After review of the alleged errors, we affirm Braswell's conviction.

1. Braswell challenges the sufficiency of the evidence as to the aggravated assault. He first claims that, because the victim's testimony showed that Braswell's brother beat the victim at the same time as Braswell, the evidence was insufficient to establish Braswell's guilt of aggravated assault beyond a reasonable doubt. This contention is meritless. The evidence showed the victim was assaulted by the men as described in the indictment, making both Braswell and his brother responsible as parties to the crime regardless of which man struck which blow.[1]

Braswell also contends that the State failed to prove that Braswell's hands and feet were used against the victim as "deadly weapons" as charged in the indictment. This is a jury question, resolved

---

[1] *Markee v. State,* 229 Ga. App. 644, 647 (4) (b) (494 SE2d 551) (1997).

adversely to Braswell.[2] The injuries sustained by the victim supports the jury's decision that Braswell used his hands and feet as "deadly weapons" in his assault of the victim. Under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient to convict Braswell of aggravated assault, as well as the other crimes charged.

2. Braswell contends that the trial court erred in permitting the State to cross-examine him about burning the victim's car after he took it. We find his contentions meritless.

(a) Braswell elected to take the stand and present a justification defense to the aggravated assault charge; he claimed that, after a night of drinking together at a bar, the victim attacked him and Braswell hit the victim to protect himself. As to the charge of theft by taking, Braswell testified that, after the fight, he took the victim's car because "[m]y truck was at the bar and I just wasn't thinking clear, I reckon, just got in his car and drove it back to the bar."

Once Braswell elected to take the stand and testify, he could be cross-examined as any other witness.[3] Accordingly, the prosecution was permitted on cross-examination to fully explore Braswell's taking of the victim's car, including what he did with it after he took it since Braswell's burning of the victim's car reflected on his "intention of depriving [the victim] of the property." OCGA § 16-8-2. "The State, like any other party, has the right to conduct a thorough and sifting cross-examination of a witness as to any material issue."[4]

(b) We also reject Braswell's contention that his burning of the victim's car after taking it was inadmissible "other crimes" evidence. Such evidence did not show "another crime," but was the culmination of a single continuous criminal transaction.[5]

3. Braswell's failure to object to the State's closing argument waives his right to assert any alleged impropriety of that argument on appeal.[6] Accordingly, we will not review Braswell's third enumeration of error.

4. Braswell contends that he cannot be convicted and sentenced for the offenses of aggravated assault and robbery because the crimes merge as a matter of fact. Under the circumstances presented here,

---

[2] *Dixon v. State*, 268 Ga. 81, 82 (1) (485 SE2d 480) (1997). ("Although hands and feet are not considered per se deadly weapons within the meaning of OCGA § 16-5-21 (a) (2), the jury may find them to be so depending on the circumstances surrounding their use, including the extent of the victim's injuries. [Cit.]").

[3] OCGA § 24-9-20 (b); *Scott v. State*, 270 Ga. 93, 94 (507 SE2d 728) (1998).

[4] *Wilkey v. State*, 215 Ga. App. 354, 355 (450 SE2d 846) (1994).

[5] *Beasley v. State*, 269 Ga. 620, 623 (502 SE2d 235) (1998); *Grace v. State*, 262 Ga. 746, 747 (1) (425 SE2d 865) (1993).

[6] *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999); *Ward v. State*, 238 Ga. App. 540, 542 (2) (519 SE2d 304) (1999).

however, we do not agree. "While it is settled that aggravated assault is not included in robbery, armed robbery or attempted armed robbery as a matter of law, it may be included as a matter of fact."[7] The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. For example, "[i]f one crime is complete before the other takes place, the two crimes do not merge."[8]

Here, the victim testified that Braswell and his brother attacked him, beating him about the head and face with their fists and hands. The victim then fell to the ground where Braswell and his brother then began to kick him in the ribs while the victim "asked them to quit beating on me." The victim testified that he finally "played dead" in the hope that the two men would leave him alone. It was at this point — after the victim had been beaten, had fallen, had been kicked, and was lying on the ground as if dead — that Braswell and his brother removed the victim's clothing, took the victim's wallet, and removed the victim's emerald ring. The victim testified that he "felt them taking my stuff off of me." From the extent of the injuries the victim received; the fact that Braswell beat the victim until he fell and then started to kick the victim after the victim was already incapacitated; and the fact that the items were removed from the victim, not during the beating but after the victim appeared "dead," the jury was authorized to conclude "that at least a portion of this violence was gratuitous and unconnected with the theft of the victim's [wallet and ring]."[9] In this case, then, "[t]he crimes do not merge as the assault was complete at the time [Braswell] took the [wallet and ring] from the [victim]."[10] Under such circumstances, there was no error in failing to merge the offenses.

5. Braswell claims two errors during voir dire require reversal. On review, we do not agree.

(a) Braswell contends that the prosecutor asked improper questions on voir dire. However, if such errors occurred, Braswell waived them by failing to object. "To raise an issue as to error in the conducting of the voir dire, objection must be made in the trial court to preserve the issue for appeal."[11]

---

[7] (Citations omitted.) *Hambrick v. State*, 256 Ga. 148, 150 (4) (344 SE2d 639) (1986).

[8] (Citation and punctuation omitted.) *Kellibrew v. State*, 239 Ga. App. 783, 786 (4) (521 SE2d 921) (1999).

[9] *Coaxum v. State*, 146 Ga. App. 370, 371 (3) (246 SE2d 403) (1978); *Woodson v. State*, 242 Ga. App. 67, 69-70 (3) (530 SE2d 2) (2000); *Taylor v. State*, 202 Ga. App. 671, 672 (415 SE2d 483) (1992); *Sylvester v. State*, 168 Ga. App. 718 (2) (310 SE2d 284) (1983); compare *Head v. State*, 202 Ga. App. 209, 210 (2) (413 SE2d 533) (1991).

[10] *Taylor v. State*, 219 Ga. App. 475, 478 (4) (465 SE2d 473) (1995).

[11] (Citation and punctuation omitted.) *Primas v. State*, 231 Ga. App. 861, 862 (2) (501 SE2d 28) (1998).

(b) Braswell did object during voir dire to the prosecutor's description of an aggravated assault as an attempt to "beat somebody to death"; Braswell stated to the trial court that "He [prosecutor] needs to ask questions, Your Honor, that's appropriate for voir dire, not to go into the case of this trial." The trial court then, in accord with Braswell's objection, instructed the prosecutor to ask questions and refrain from rereading and describing the crimes as alleged in the indictment. Thereafter, Braswell did not object to the trial court's ruling, move for mistrial, or in any fashion attempt to preserve this issue for appellate review. As such, Braswell acquiesced in the court's ruling, and any claim of error with regard thereto is waived.[12]

6. Next, Braswell claims several instances of prosecutorial misconduct occurred during his cross-examination by the State. He contends that (a) the prosecutor continued to question him about burning the victim's car after Braswell invoked his Fifth Amendment right against self-incrimination; and (b) the prosecutor made several allegedly improper comments about Braswell's answers to the cross-examination questions posed. We find these contentions meritless.

(a) A defendant in a criminal case who voluntarily testifies in his own behalf waives his privilege under the Fifth Amendment.[13]

Furthermore, when a defendant voluntarily takes the stand in his own behalf and testifies as to his guilt or innocence as to a particular offense, his waiver is not partial; having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing. His voluntary offer of testimony upon any fact is a waiver as to all other relevant facts because of the necessary connection between all.[14]

As noted in Division 2 (a), supra, testimony regarding Braswell's burning of the victim's car was relevant and admissible. Accordingly, the prosecutor's questions with regard thereto were not improper and form no basis for reversal.

(b) We have reviewed the other two comments by the prosecutor about which Braswell now complains. As to each, an objection and a motion for mistrial were interposed, the trial court instructed the prosecutor to refrain from making comments, and the prosecutor moved on. No further objection was registered, and renewal of the

---

[12] *Griffin v. State*, 241 Ga. App. 783, 786 (5) (527 SE2d 577) (2000).
[13] *Carter v. State*, 161 Ga. App. 734, 736 (3) (288 SE2d 749) (1982).
[14] (Citations, punctuation and emphasis omitted.) *Hubbard v. State*, 173 Ga. App. 127, 129 (7) (325 SE2d 799) (1984).

motion for mistrial was not made following the trial court's ruling.[15] A defendant dissatisfied with a trial court's action on a motion for mistrial must renew the motion. The failure to do so amounts to a waiver.[16]

7. Finally, Braswell claims that his trial counsel's performance was so deficient that it deprived him of the effective assistance guaranteed by the Sixth Amendment. We disagree.

> The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense, that is, whether there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency.[17]

Trial strategy and tactics do not equate with an ineffective assistance of counsel claim, and a trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.[18]

With these principles in mind, we have reviewed Braswell's claims of defective performance in relation to the trial transcript and the testimony of his trial attorney at the motion for new trial.[19] We find with regard to Braswell's claims of defective performance that they either: (a) were not raised at the motion for new trial and are thus waived;[20] (b) are substantively meritless as addressed in the Divisions above; (c) were the result of sound trial strategy as testified to by trial counsel during the hearing on the motion for new trial; (d) were decided adversely to Braswell by the trier of fact on a credibility basis; or (e) were not shown to have prejudiced Braswell's defense so

---

[15] At the hearing on the motion for new trial, Braswell's trial attorney testified that he interposed objections during the prosecutor's cross-examination as a strategy to break the rhythm of the prosecutor's questioning.

[16] *Garrett v. State*, 184 Ga. App. 593, 594 (2) (362 SE2d 150) (1987).

[17] *Pope v. State*, 240 Ga. App. 803, 805 (2) (522 SE2d 291) (1999).

[18] *Phillips v. State*, 233 Ga. App. 557, 559 (504 SE2d 762) (1998).

[19] Braswell contends that trial counsel erred by (a) failing to call his brother/co-defendant, who provided favorable evidence for the State, to testify on his behalf; (b) failing to object to improper comments of the prosecutor during voir dire; (c) failing to communicate the continued viability of a plea bargain offer that Braswell had previously rejected; (e) failing to "prepare" Braswell to testify at trial regarding his burning of the victim's car; (f) failing to call character witnesses whose names Braswell could not recall at the motion for new trial; and (g) failing to request rulings by the trial court on each motion for mistrial made during Braswell's cross-examination by the State, which motions the attorney testified had been interposed for tactical reasons to break the rhythm of the prosecutor's questioning.

[20] *Keanum v. State*, 212 Ga. App. 662, 663 (1) (442 SE2d 790) (1994).

that there is a reasonable possibility that the outcome of the proceedings would have been different. As such, we cannot say the trial court's finding that Braswell had been afforded effective assistance of counsel was clearly erroneous.[21]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 18, 2000.

*McLendon & Smith, Harold D. McLendon, Verna Smith,* for appellant.

*Ralph M. Walke, District Attorney, Tracie J. Hobbs, Assistant District Attorney,* for appellee.

[21] *Hall v. State*, 210 Ga. App. 792, 794 (1) (437 SE2d 634) (1993).