### A01A1619. KEMPER v. THE STATE.
(555 SE2d 40)

MILLER, Judge.

A jury found Dione B. Kemper guilty of armed robbery, hijacking a motor vehicle, aggravated assault, and possession of a firearm during the commission of a crime. The court sentenced Kemper to 25 years confinement. On appeal Kemper challenges the sufficiency of the evidence to sustain his armed robbery conviction and argues that his aggravated assault conviction should have merged with either his hijacking or armed robbery conviction. We affirm.

The evidence showed that Kemper approached the victim in a parking lot as he entered his vehicle. Kemper opened the passenger's side door of the victim's vehicle and sat down with a gun on his lap. Kemper then ordered the victim to open the trunk and to walk to the back of the vehicle. When the victim failed to do as instructed, Kemper took the victim's keys and opened the trunk. The victim then took money out of his pocket, asked Kemper to "please just take the money, take the car . . . ," and laid the money inside the trunk. Kemper responded, "no, get in the trunk," and pointed the gun at the victim. The two men then struggled, the gun fired, and the victim ran. Officers later found the gun and the victim's keys several blocks away, but found no money.

1. Kemper contends that he did not force the victim at gunpoint to relinquish possession or control of the money. Specifically, he argues that since he expressly rejected the money that the victim offered him and there was no money found on his person, the evidence is insufficient to support a finding that he took the money as alleged in the indictment.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . ."[1] The indictment alleged that Kemper, with intent to commit theft, took currency from the victim by use of an offensive weapon.

Evidence that the victim placed money in the trunk of the vehicle before escaping and that no money was recovered is sufficient to establish that Kemper took the victim's money. The fact that Kemper

---

[1] OCGA § 16-8-41 (a).

replied, "no, get in the trunk," when offered the money does not necessarily mean that Kemper refused the money, for the jury could have found that Kemper simply would not take the money in substitution for the victim's getting into the trunk.

The force or intimidation to establish robbery

> must either precede or be contemporaneous with, and not subsequent to, the taking. Where, as here, the evidence is sufficient to authorize a finding that the theft was completed *after* force was employed against the victim, a conviction for armed robbery is authorized regardless of when the intent to take the victim's property arose, regardless of whether the victim was incapacitated and even if the victim had been killed instantly.[2]

Here the force — the use of the gun against the victim — preceded the taking, and regardless of when Kemper formed the intent to take the victim's money, the evidence was sufficient to sustain Kemper's conviction for armed robbery.[3]

2. Kemper argues that the aggravated assault offense should have merged with either the armed robbery offense or the hijacking offense.

(a) Kemper's argument that the aggravated assault offense should have merged with hijacking is without merit. Pursuant to OCGA § 16-5-44.1 (d), "[t]he offense of hijacking a motor vehicle shall be considered a separate offense and shall not merge with any other offense. . . ."

(b) Armed robbery and aggravated assault do not merge as a matter of law.[4] Therefore, the question is whether the offenses merge as a matter of fact.[5] "For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge."[6]

The facts used to prove that Kemper committed aggravated assault were that he attempted to force the victim into the trunk of his own vehicle at gunpoint. These same facts are used to establish

---

[2] (Citations and punctuation omitted; emphasis in original.) *Hudson v. State*, 234 Ga. App. 895, 897 (1) (a) (508 SE2d 682) (1998); see *Johnson v. State*, 247 Ga. App. 157, 159-160 (1) (543 SE2d 439) (2000).

[3] Moreover, the "immediate presence" element is satisfied even though the victim managed to escape before the money was taken. See *Matthews v. State*, 268 Ga. 798, 804 (7) (a) (493 SE2d 136) (1997).

[4] *Robinson v. State*, 246 Ga. App. 576, 583 (8) (541 SE2d 660) (2000); *Braswell v. State*, 245 Ga. App. 602, 604 (4) (538 SE2d 492) (2000).

[5] *Braswell*, supra, 245 Ga. App. at 604 (4).

[6] (Citations and punctuation omitted.) *Johnson*, supra, 247 Ga. App. at 162 (10).

the force that preceded the taking for the armed robbery conviction. Here the offenses of aggravated assault and armed robbery do merge as a matter of fact, and the court erred in failing to merge these convictions.[7] Therefore, we vacate the sentences on Counts 1 and 3 and remand to the trial court for resentencing.

*Judgment of convictions affirmed, sentence vacated in part and case remanded for resentencing. Andrews, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 28, 2001.

*William J. Mason*, for appellant.
*J. Gray Conger, District Attorney, Roger H. Anderson, Assistant District Attorney*, for appellee.