297 Ga. 153
FINAL COPY

S15A0037.  KASS v. THE STATE.

BENHAM, Justice.

Appellant Brian Kass was convicted of malice murder and related crimes concerning the shooting death of Martinez Turner.[1]  On the day in question, Turner came to appellant's house and was talking with Chappelle Witherspoon, who was appellant's girlfriend, about a dispute Witherspoon was having with Turner's niece.  Witherspoon testified that appellant, who appeared to be upset, came outside and interrupted the conversation.  Witherspoon then went back inside the house.  Witherspoon said a few moments after going into the house,

---

[1]The crimes occurred on August 17, 2010.  On December 7, 2010, a Fulton County grand jury returned a true bill of indictment charging appellant on one count of malice murder, two counts of felony murder, one count of aggravated assault, one count of possession of a firearm during the commission of a felony, and one count of possession of a firearm by a convicted felon.  Appellant was tried before a jury from September 24, 2012, to September 28, 2012, and the jury returned verdicts of guilt on all charges.  The trial court sentenced appellant to life in prison for malice murder and five years to be served consecutively on probation for possession of a firearm during the commission of a felony.  The felony murder counts were vacated as a matter of law and the remaining charges were merged as a matter of fact.  On October 24, 2012, appellant moved for a new trial and amended the motion on March 31, 2014.  The trial court denied the motion for new trial, as amended, on June 10, 2014.  Appellant filed a notice of appeal on July 10, 2014, and the case was docketed to the January 2015 Term of this Court for a decision to be made on the briefs.

she heard a gunshot and, upon looking outside, saw the unarmed Turner on the ground and appellant walking away with a gun in his hand.

A few minutes after the shooting, appellant ran with Witherspoon to a house that was near his own to make a phone call. A witness inside the house testified that appellant was covered in blood and said he had just killed someone. Phone records and testimony showed appellant used Witherspoon's phone to make a call to an acquaintance. The acquaintance testified that appellant said he had just killed someone and needed a ride. The acquaintance, who happened to be a confidential informant for a federal agency, then called a federal agent to report what appellant said about killing someone. The federal agent contacted local authorities immediately. Soon after the federal agent's call, the police received a 911 dispatch reporting a shooting at appellant's residence. Meanwhile, appellant and Witherspoon went their separate ways[2] and appellant eventually fled the state.

During their investigation, authorities located a .45 caliber Fiocchi brand shell casing in the doorway of appellant's house. Inside appellant's kitchen area, the police found a box of .45 caliber Fiocchi brand bullets. Police also

---

[2]Later on that same night, Witherpoon's mother took her to speak with police.

found appellant's birth certificate and his social security card inside the house. Near the deceased's body, the police recovered a power bill with appellant's name on it. The medical examiner testified that Turner was shot in the neck at close-range and that the resulting gunshot wound to the neck, which impacted major arteries and compromised the spinal cord, caused Turner's death.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant alleges the trial court erred when it failed to remove Jurors 3 and 4 for cause. Juror 3 stated during voir dire that she had problems with convicted felons' possessing guns. Juror 4 disclosed that his brother was a homicide captain in Louisiana. Not only does appellant complain that these jurors were not impartial, but he also complains about the trial court's line of questioning and statements it made to determine bias. Specifically, appellant complains the trial court's voir dire questions and statements to these jurors were improper because they were leading and/or coercive in nature. The record shows, however, that appellant never objected to the trial court's voir dire

3

questions to these jurors and never objected to the trial court's statements to these jurors. Appellant also never raised any concern that the trial court failed to question these jurors in any way. Therefore, the propriety of how the trial court conducted the voir dire of Jurors 3 and 4 is not before this Court for review. See Walker v. State, 258 Ga. App. 333 (1) (574 SE2d 400) (2002) (defendant failed to preserve the propriety of the trial court's voir dire question for appellate review when he failed to object to the question); Braswell v. State, 245 Ga. App. 602 (5) (a) (538 SE2d 492) (2000) ("'To raise an issue as to error in the conducting of the voir dire, objection must be made in the trial court to preserve the issue for appeal.' [Cit.]").

In regard to the substantive issue of whether the trial court erred when it failed to strike these jurors for cause, this Court has held:

> An appellate court pays deference to the trial court's resolution of any equivocations or conflicts in a prospective juror's responses. The determination of a potential juror's impartiality is within the trial court's sound discretion and the trial court will only be reversed on such matter upon finding a manifest abuse of discretion. The law does not require the striking of jurors simply because they express some doubt of their own impartiality.

(Citations and quotations omitted.) Grimes v. State, 296 Ga. 337 (1) (c) (766 SE2d 72) (2014). In this case, Juror 3 and Juror 4 did not express opinions that

were so fixed that they could not set them aside, follow the trial court's instructions, and render a decision based on the evidence presented at trial. See Cade v. State, 289 Ga. 805 (3) (716 SE2d 196) (2011). Accordingly, the trial court did not abuse its discretion when it failed to strike the jurors for cause.

Judgment affirmed. All the Justices concur.

Decided April 20, 2015 – Reconsideration denied June 1, 2015.

Murder. Fulton Superior Court. Before Judge McBurney.

Kenneth D. Kondritzer, Leslie R. Lowry, for appellant.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Joshua D. Morrison, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.